ELOY BLANTON, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—CHARGES—BURDEN OF PROOF ON STATE IN HOMICIDE—REITERATING CHARGES—MISLEADING CHARGES.

1. In a trial under an indictment charging murder in the first degree, it is not error to refuse an instruction so framed as to tend to mislead the jury into the idea that unless the evidence makes out a case of murder in the first degree they must wholly acquit, and can not convict of a lower degree of homicide.

2. A charge is properly refused that is so framed as to hold

Blanton v. The State of Florida—Syllabus.

out the idea that it is incumbent on the State to prove *expressly* by *affirmative* evidence that the homicide was without justification.  No such duty devolves upon the State.  The burden is upon the State in every prosecution for crime to establish by proof, beyond a reasonable doubt, every material element of the crime charged; and in a prosecution for murder in the first degree it must prove, beyond a reasonable doubt, that the defendant slew the deceased unlawfully and from a premeditated design to effect his death, and if these material facts are established by proof, of necessity it will have been proved that such killing was not justifiable.  The burden upon the State is to prove the *affirmative* proposition; the negative proposition, flowing out of it as a necessary corollary, it does not have to prove by express or affirmative proof.

3.  A charge is properly refused that is so framed as to tend to mislead the jury into the belief that they are bound to lend the same credence to the testimony of the accused as a witness on his own behalf, as to that of any disinterested witness.

4.  There is no error in the refusal of the court to reiterate charges that have already been given in substance.

5.  It is not error to refuse to give a charge that is so framed as to tend to mislead the jury into the belief that the judge was satisfied that any material fact in the case had been established by the proofs.

6.  In a trial for homicide when the court has already amply and accurately instructed the jury on the law of self-defense, it is not error to refuse other and further instructions that are merely elaborations of the same subject.

This case was decided by Division B.

Writ of error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the Court.

*Charles E. Davis* and *C. B. Ashley,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J. The plaintiff in error was indicted in the Circuit Court of Madison County for the crime of murder in the first degree, was tried and convicted of murder in the second degree, and from the life sentence imposed comes here by writ of error.

There are fifteen assignments of error.

The first assignment is expressly abandoned.

The second assignment complains of the court's refusal to give the first charge requested by the defendant. Without repeating the charge here, it will be sufficient to say that, as held by the court below in his refusal to give it, it was faulty in being so framed as to tend to mislead the jury into the belief that unless they could convict the defendant of murder in the first degree, as specifically charged in the indictment, then they could not convict of any lesser degree of homicide, but must acquit. A charge so framed is properly refused.

The third assignment of error complains of the court's refusal to give the fourth instruction requested by the defendant as follows: "The court further instructs you that a homicide may be justifiable; therefore, it is incumbent upon the State to prove that such homicide, if any be shown by the evidence in this case, was unlawful or without justification, to the exclusion of every reasonable doubt, else the accused can not be convicted, and your verdict should be not guilty."

Blanton v. The State of Florida—Opinion of Court.

This charge was properly refused because it is so framed as to mislead the jury into the idea that it was incumbent upon the State to prove *expressly* by *affirmative* evidence that the homicide was without justification. No such duty devolves upon the State. The burden is upon the State in every prosecution for crime to establish by proof, beyond a reasonable doubt, every material element of the crime charged, and in a prosecution for murder in the first degree it must prove, beyond a reasonable doubt, that the defendant slew the deceased unlawfully and from a premeditated design to effect his death, and if these material facts are established by the proof, of necessity it will have been proved that such killing was not justifiable. The burden upon the State is to prove the *affirmative* proposition; the *negative* proposition, flowing out of it as a necessary corollary, it does not have to prove by express or affirmative proof, as the charge in question erroneously requires it to do.

The fourth assignment of error complains of the court's refusal to give the fifth instruction requested by the defendant as follows: "The court further instructs you that by the statute of 1895, laws of Florida, the defendant is made a witness in this case, at his option, subject to being questioned and cross-questioned, and that his evidence is to be taken just the same as that of any other witness in this case, and believed by you as you would believe any other witness in the case, according as you may regard it credible; that the fact that the defendant is the accused in the case raises no presumption or implication against the credibility of his testimony." There was no error in the refusal to give this charge. The *interest* that a witness has in the result of a suit the law recognizes as an element proper to be considered in weighing his testimony

as affecting its credibility. Hampton v. State, 50 Fla., 55, 39 South. Rep. 421. The refused instruction is so framed as to mislead the jury into the idea that they must lend the same credence to the testimony of the accused as to that of any disinterested witness, notwithstanding his deep interest in the result of the trial. Easterling v. State, 43 Fla. 565.

The fifth assignment complains of the court's refusal to give the sixth instruction requested by the defendant. This instruction is in substance the same as the one last discussed, though couched in different terms, and what has been said in reference to the refused instruction just passed upon, applies equally well to this assignment of error, and with the other, for the same reasons, this one must fall also.

The sixth assignment of error complains of the court's refusal to give the seventh instruction requested by the defendant. There was no error in its refusal because the court had already given substantially the same proposition of law in one of its charges to the jury, and there was, therefore, no error in refusing to reiterate.

The seventh assignment of error is expressly abandoned.

The eighth assignment of error complains of the court's refusal to give the ninth instruction requested by the defendant. There was no error in such refusal, for the reason that the court had already given substantially the same matter in charge to the jury, and, consequently, there was no error in the refusal to reiterate.

The ninth assignment of error is predicated upon the court's refusal to give the tenth instruction requested by the defendant. This refused instruction, as is stated in the defendant's briefs, is the same substantially as the

tenth instruction refused in the case of Ballard v. State, and set out at length at page 289 of 31 Florida. Its refusal was assigned as error in that case, but the court did not there adjudge its refusal to be error. We think the charge was properly refused for the reason that as framed it had a tendency to mislead the jury into the idea that the judge thought that the proofs established the fact that the defendant had been assailed by the deceased.

The tenth assignment of error is based on the court's refusal to give the eleventh instruction requested by the defendant. The court had already instructed the jury most amply on the law of self-defense, and as this refused instruction was upon that phase of the case there was no error in its refusal. The same is the case with the eleventh, twelfth, thirteenth and fourteenth assignments of error, based, respectively, upon the court's refusal to give the twelfth, thirteenth, fourteenth and fifteenth charges requested by the defense. All of these charges were elaborations on the law of self-defense, and were all of them substantially and more accurately covered by the court's charges already given.

The fifteenth and last assignment of error calls in question the denial of the defendant's motion for new trial. The eighteenth to the twenty-seventh grounds of this motion, both inclusive, challenge the correctness of various charges given by the court to the jury. It will subserve no useful purpose to reproduce such charges here, as they are but repetitions of charges that have heretofore been passed upon and approved by this court in other causes. We have critically examined them all, and find no reversible error in any of them.

The only other ground of the motion for new trial not already disposed of is that the verdict was not supported

2—S. C.

by the evidence. The evidence was very conflicting, but the jury by their verdict have cast the die of credence on the side of the evidence for the State, that evidence, when so believed, is ample to sustain the conviction had, and it is not for an appellate court, in such a case, to disturb the finding of the jury.

No error being found the judgment of the court below is hereby affirmed, at the cost of Madison County, the defendant having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.