## ALBERT ALLEN v. STATE.

161 So. 406.

Division B.

Opinion Filed May 15, 1935.

346

*McGeachy & Elliot,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error is to review a judgment of conviction of the offense of murder in the second degree under the indictment charging murder in the first degree. Plaintiff in error states two questions to be determined by this Court, as follows:

"First Question: That the testimony was insufficient to sustain the verdict of conviction. The court held 'yes' while it is contended to the contrary.

"Second Question: That the defendant's requested charge Number Two should have been given. The court held 'no' while it is contended to the contrary."

There is ample substantial evidence in the record, if believed by the jury, to warrant the verdict returned. It was the province of the jury to reconcile conflicting evidence and to believe that which they deemed worthy of belief and discard that which they did not believe worthy of belief. We must assume that the jury pursued that course in reaching the verdict.

The charge which the plaintiff in error insists should have been given, and the refusal of which it is contended constituted reversible error, was purported to be a charge on the law of self-defense. The legal principle enunciated in the charge was fully given by the court in the general charge and we think that the charge as given in the general charge was couched in more accurate terms than was that which was requested. The requested charge was so couched as to make it appear that the court was convinced by the evidence of the existence of some material facts and was objectionable for that reason also. See Blanton v. State, 52 Fla. 12, 41 Sou. 789.

We find no reversible error disclosed by the record and, therefore, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.