PER CURIAM.
The defendant Mark Louis appeals his conviction for first degree murder and sentence of life imprisonment. He claims three errors were committed below which necessitate the reversal of his conviction and sentence. We disagree and affirm.
First, the trial court quite properly denied the defendant’s requested jury in *394 struction. The instruction incorrectly stated that the jury was required to acquit the defendant entirely [i.e., on first degree murder and all lesser offenses, including second degree murder and manslaughter] if it found that the killing of the decedent was the independent act of the co-defendant “committed outside and not in furtherance of a common plan to effect the premeditated murder of the decedent.” Plainly, if the jury made such a finding, an acquittal on first degree murder’ was required, but not on all lesser offenses. The requested instruction was therefore erroneous and was properly denied by the trial court. Blanton v. State, 52 Fla. 12, 41 So. 789 (1906) (syllabus by et., no. 1).
Second, the defendant’s complaint concerning the jury summation of the prosecutor has already been passed on and rejected by this court in the co-defendant’s appeal in this case. Philippe v. State, 443 So.2d 994 (Fla. 3d DCA 1983). We think the trial court committed no error in denying the defendant’s motion for mistrial based on these remarks.
Third, the trial court was correct in denying defense motions for a directed verdict. There was sufficient evidence upon which the jury could have concluded, as it did, that the defendant had a premeditated intent to kill the decedent when the co-defendant, at the defendant’s order, fired two shots at the house where the decedent and other people were situated, killing the decedent. See Lee v. State, 141 So.2d 257, 259 (Fla.1962); Larry v. State, 104 So.2d 352, 354 (Fla.1958); compare Sons v. State, 99 So.2d 888 (Fla. 2d DCA), cert. denied, 357 U.S. 910, 78 S.Ct. 1157, 2 L.Ed.2d 1160 (1958).
The final judgment of conviction and sentence under review is therefore in all respects
Affirmed.