TOM McCRAY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed February 3, 1925.

1. One who kills one person through mistaken identity, while attempting and intending with premeditated design to kill another person, is guilty of murder in the first degree, and the indictment in such a case properly alleges that the premeditated design was to effect the death of the person actually slain, since the law transfers the felonious intent in such a case to the actual object of his assault, and the homicide so committed is murder in the first degree.

2. If the killing of the party intended to be killed would, under all the circumstances, have been excusable or justifiable

homicide upon the theory of self-defense, then the unintended killing of a bystander, by a random shot fired in the proper and prudent exercise of such self-defense is also excusable or justifiable.

3. If the killing of the intended victim in such a case would have been reduced by the circumstances to murder in the second or third degree, or to manslaughter in any of the degrees, then the unintentional and accidental killing of a bystander resulting from any act designed to take effect upon the intended victim, would be likewise reduced to the same grade of offence as would have followed the death of the victim intended to be killed.

4. Where the court charges the jury before argument of counsel as required by statute, it may be prejudicial error for the court after the argument of counsel to give emphasis to a particular portion of a complete section of the charge already given, by again giving the particular portion of the charge to the jury.

A Writ of Error to the Circuit Court for Broward County; C. E. Chillingworth, Judge.

Reversed.

*Farrington & Lockhart*, for Plaintiff in Error.

*Rivers Buford*, Attorney-General and *Marvin McIntosh*, Assistant Attorney-General for the State.

WHITFIELD, P. J.—Writ of error was taken to a judgment of conviction of murder in the second degree upon an indictment charging that Tom McCray "did unlawfully and from a premeditated design to effect the death of one John Dean," fatally shoot John Dean.

One who kills one person through mistaken identity, while attempting and intending with premeditated design to kill another person, is guilty of murder in the first de-

gree, and the indictment in such a case properly alleges that the premeditated design was to effect the death of the person actually slain, since the law transfers the felonious intent in such a case to the actual object of his assault and the homicide so committed is murder in the first degree. Hall v. State, 70 Fla. 48, text 49, 69 South. Rep. 692.

If the killing of the party intended to be killed would, under all the circumstances, have been excusable or justifiable homicide upon the theory of self-defense, then the unintended killing of a bystander, by a random shot fired in the proper and prudent exercise of such self-defense is also excusable or justifiable. Brown v. State, 84 Fla. 660; 94 South. Rep. 874.

If the killing of the intended victim in such a case would have been reduced by the circumstances to murder in the second or third degree, or to manslaughter in any of the degrees, then the unintentional and accidental killing of a bystander resulting from any act designed to take effect upon the intended victim, would be likewise reduced to the same grade of offence as would have followed the death of the victim intended to be killed. Pinder v. State, 27 Fla. 370, text 372, 8 South. Rep. 837; Capio v. State, 27 N. M. 265, 199 Pac. Rep. 1012, 18 A. L. R. 914 and notes.

The defendant testified that he thought Tom Dean had a gun and that "I thought he was getting ready to shoot, so I got my gun out and had it in my hand like this by my hip (indicating) and his brother run into it and hit my arm and I shot that man from my side with the gun just like this (indicating) but I didn't mean to do it—didn't mean to hit John Dean at all—I shot to try to shoot the man who tried to shoot me, but I beat him to it. When I shot I thought he would shoot me, and I dropped to my knees."

Other evidence tended to refute this testimony, but the defendant had a right to a consideration of his testimony

by the jury under appropriate instructions as to the law applicable to the different phases of the evidence.

The court charged the jury before argument of counsel as directed by the statute, Chapter 9364, Laws of 1923; Smithie v. State, decided at the last term; and the charges given, considered as a whole, are not subject to the criticisms made of them.

Among the charges given was the following:

" 'Further, if you find from the evidence, beyond a reasonable doubt that the defendant fired, then and there intending to kill Thomas Dean, but that the defendant actually killed John Dean by said shot, then you may find the defendant guilty of murder in the first degree or murder in the second degree or manslaughter, as you may further find beyond a reasonable doubt, if the evidence warrants it, under these instructions; the defendant may, if the evidence warrants it, be convicted either of murder in the first degree, murder in the second degree, or manslaughter, or be acquitted.' "

The court properly refused to give the following instruction:

" " 'Gentlemen of the jury, you are instructed that the defendant is not charged in the indictment with having intended to kill Thomas Dean, but that said indictment specifically charges that the premeditated design was against John Dean, therefore gentlemen it is incumbent upon the State to prove the premeditated design as alleged in the indictment, in order to warrant a conviction.' "

The bill of exceptions shows that "after argument of both counsel for defendant and by the State's attorney, the following charge was again given by the court after closing remarks of Mr. Farrington for the defendant, to the effect that under the indictment the State must prove the premeditated design to kill John Dean, or else there must be a verdict of not guilty, and that proof of the premeditated

design to kill Thomas Dean, and the accidental killing of
John Dean in the attempt to kill Thomas Dean, would not
warrant a verdict of guilty: " 'Gentlemen of the jury,
you have heard the evidence and argument of counsel, and
I just want to read one paragraph of my charge again;
'Further if you find from the evidence, beyond a reason-
able doubt, that the defendant fired then and there intend-
ing to kill Thomas Dean, but that the defendant actually
killed John Dean by said shot, then you may find the de-
fendant guilty of murder in the first degree, or murder in
the second degree, or manslaughter, as you may further
find beyond a reasonable doubt if the evidence warrants it
under these instructions.' "

Without deciding whether under the statute, Chapter
9364, Laws of 1923, and under circumstances that may be
shown in a particular case, the repetition to the jury of
proper charges after the arguments of counsel would be
material error, if error at all; it does appear in this case
that in repeating one of the charges given to meet the argu-
ment of counsel for the defendant as to the law applicable
to the case, the charge so singled out and repeated, gave
emphasis to an incomplete statement of the law, that rea-
sonably might have influenced the jury in finding a ver-
dict of guilt. The charge repeated did not include the
statement that "the defendant, may, if the evidence war-
rants it, be convicted either of murder in the first degree,
murder in the second degree, or manslaughter, or be ac-
quitted;" but the repeated charge stated only the offenses
which the defendant may be convicted without stating that
he may be acquitted under the circumstances stated in the
full charge; and the reference in the repeated charge to
"these instructions" did not make it clear to the jury that
the defendant might be entitled to an acquittal if the jury
should find facts constituting a valid defense under the
law as was set out in the charges given as an entirety. In

view of the whole record a new trial should be awarded. Brown v. State, 84 Fla. 660, 94 South. Rep. 874.

Other rulings complained of probably will not occur on another trial.

Reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND BROWNE, J., concur in the opinion.