### JOE HARPER, v. STATE OF FLORIDA

22 So. (2nd) 766                                                June Term, 1945
July 10, 1945                                                       En Banc
Rehearing denied July 27, 1945.

An appeal from the Circuit Court for Brevard County, M. B. Smith, Judge Noah B. Butt, for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, *Cecil T. Farrington,* Special Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant and another were informed against in the following language:

"In the Name and By the Authority of the State of Florida: Be It Remembered that Murray W. Overstreet, State

Attorney for the Ninth Judicial Circuit of the State of Florida, in Brevard County, under oath, information makes that Joe Bush and Joe Harper of the County of Brevard and State of Florida, on the 27th day of August in the year of Our Lord one thousand nine hundred and forty four in the county and state aforesaid,

"Unlawfully and felonously, by their joint act, imminently dangerous to another, and evincing a depraved mind regardless of human life, but without any premeditated design to effect the death of any particular person, did kill and murder one Rosa Lee Foster, a human being, by shooting her with a shotgun;

"Contrary to the form and statute in such case made and provided and against the peace and dignity of the State of Florida."

On trial both of the accused were convicted.

In concluding the trial the court gave, among others, the following instruction to the jury:

"I charge you, Gentlemen of the Jury, that under the charge in this information, that is, that the felonious and unlawful act was the joint act of the defendants in this case, you would not be warranted in finding either of the defendants guilty unless you find each of them guilty; that is to say, you would either find as to each of the charges made in this Information both of the defendants guilty as jointly charged or both innocent as to the charge of murder in the second degree, and as to the charge of manslaughter you would either find both of them guilty or both of them not guilty."

To the giving of which charge exception was duly noted.

The defendant Joe Harper requested the Court to give the following instructions:

"Special Charge No. 1.

"I charge you, gentlemen, that if you do not believe that the defendant, Joe Harper, is guilty of the offenses charged in the information, or if you should have a reasonable doubt of his guilt, you should render your verdict acquitting the defendant Joe Harper.

"Special Charge No. 2.

"I charge you, gentlemen, that it is incumbent upon the State to prove that each of the defendants are guilty of the charges embraced in the information to your satisfaction beyond a reasonable doubt, and if from the whole of the testimony in this case you should entertain a reasonable doubt of the guilt of the defendant, Joe Harper, it is your duty to acquit him.

"Special Charge No. 3.

"I further charge you that if in the event you find the defendant, Joe Harper, not guilty, then the form of your verdict should be, 'We, the jury, find the defendant, Joe Harper, not guilty, so say we all,' and sign the same by one of your number as foreman."

These charges were refused by the court.

It appears that the court became imbued with the idea that by the use in the information of the language, "by their joint act" such a charge was made which required either the conviction or the acquittal of both of the accused. This was error. The deceased may have come to her death by a joint act of the two accused and yet one or the other of the accused could have been free from fault in the committing of such joint act and, therefore, be entitled to acquittal, while the other may have been all at fault and, therefore, have been guilty of the unlawful homicide. This is true because if one while exercising his lawful right of self-defense unintentionally kills a by-stander by a random shot fired in the proper prudent exercise of the right of self defense, the killing will be excusable or justifiable. See McCray v. State, 89 Fla. 65, 102 So. 831.

From the instruction given, the jury might logically have drawn the conclusion that if they found beyond a reasonable doubt that either of the accused was guilty then it became their duty to find both guilty.

It is contended here by appellee that if the instruction, *supra,* given was error, it was harmless because it favored the appellant. We cannot subscribe to this conclusion. Each defendant was entitled to have his guilt or innocence determined by the jury without reference to the guilt of his co-defendant.

This was not a charge of conspiracy to commit a crime. In cases of conspiracy it it necessary that two or more be guilty and there are other cases in which the concurrence of guilt of two or more must be shown but unlawful homicide is not in that class.

In the case of Kosak v. United States, 46 Fed. (2nd) 906, the trial court charged the jury as follows:

"As to maintaining a common nuisance, the same rules of evidence apply. . . .

"If any of the evidence discloses that these defendants were in such possession of that still, or operating that still, if you believe that, then you would be justified in believing that they were maintaining a common nuisance on the premises where the still was operated and kept. If you believe from the testimony in the case, are satisfied beyond a reasonable doubt, that that was a fact, you would be justified in returning a verdict of guilty on that count. If you are not satisfied beyond a reasonable doubt, you will return a verdict of not guilty."

Appeal was taken to the Circuit Court of Appeals of the Third Circuit. That court, in considering the challenge to the foregoing instruction to the jury, said:

"It will be observed that in these instructions the court referred to the defendants collectively and in language which, it is claimed, is susceptible of the inference that proof of the guilt or innocence of any of them is proof of the guilt or innocence of all.

"Clearly any lawyer would understand these instructions and would gather from the meaning the trial judge certainly intended, which was that, if on the evidence the jury should find the defendants, or any one of them, had committed one or more of the offenses charged, they should, on the respective counts, return a verdict of guilty as to those defendants, whether all of them, some of them, or any one of them. Yet we gravely fear that the jurors, not being learned in the law and not trained in making legal distinctions, might have gotten an erroneous impression from the judge's charge to the effect that evidence of guilt of any one of the defendants was evidence of guilt of all and, accordingly, that the defendants, caught and arrested together, indicted together and on trial

together, were being tried in a body and should be acquitted or convicted as a body. The fact that the jury convicted all defendants on all counts on evidence varying as to the individuals and as to the counts lends force to this apprehension.

"We are constrained to find that in the stress of trial the learned judge fell into error in the one particular that his charge might have misled lay minds and have brought about a verdict of guilty as to the appellant, whom the jury might conceivably have acquitted on the evidence as to him individually."

We are impelled to reach the same conclusion in the instant case.

Having reached the conclusion indicated, *supra*, it is not necessary for us to discuss other questions presented because if the appellant is again placed on trial he will be tried alone as his co-defendant did not join in this appeal .

Judgment is reversed and the cause remanded for a new trial.

So ordered.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.
THOMAS, J., agrees to conclusion.
TERRELL and ADAMS, JJ., dissent.