141 So.2d 257 (1962)
Charles H. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 31489.
Supreme Court of Florida.
May 9, 1962.
Rehearing Denied June 5, 1962.
J. Frank West, Williston, and Ira J. Carter, Jr., Gainesville, for appellant.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
September 21, 1960, appellant, Charles H. Lee, was indicted for murder in the first degree by a grand jury in Levy County in that on September 12, 1960, he did feloniously shoot and kill Leroy A. Collins with a deadly weapon. Defendant was adjudged insolvent by the trial court who appointed counsel to represent him. To the said indictment a plea of not guilty and a plea of not guilty by reason of insanity were entered. Later the defendant abandoned his plea of not guilty by reason of insanity and stood trial on the plea of not guilty. At the trial the jury found defendant guilty of murder in the first degree without recommendation to mercy. A motion and an amended motion for new trial were made and overruled and the death penalty was imposed. We are confronted with an appeal from the order and judgment of the trial court imposing the death penalty.
The first question urged for our determination is one with a double aspect. The first aspect is this: Where it is shown that one of the jurors who tried defendant had formed an opinion and made statements before the trial that if he could get on the jury he would give the defendant the "works," did the court commit reversible *258 error in denying the motion for new trial? The second aspect of the first question charges that the trial court committed reversible error in denying the motion for new trial when it was shown that during the course of the trial the jury was quartered in a hotel owned and operated by one of the jurors who stated before trial that if he could get on the jury he would see that the defendant got the "works."
We treat both aspects of the question together. It is shown that the contention of appellant is bottomed entirely on an affidavit of one Lonnie Crews who stated under oath that he heard one of the jurors, L.C. Gibbs, state prior to the trial of appellant substantially as follows: "I am afraid they will throw me off the jury, but if I stay on it I will see that Lee [appellant] gets the works." The record shows that the trial judge held a hearing on appellant's motion for new trial December 28, 1960. At this hearing the judge required the court reporter to read from his notes the complete examination of the juror L.C. Gibbs [No. 12] at the time he [Gibbs] was seated in the jury box and ultimately selected and sworn as a juror to try appellant. The record further shows that during the course of the hearing on appellant's motion for new trial, the court again placed the juror L.C. Gibbs under oath, permitting counsel for the state and the appellant to examine him. The court also examined the said juror as to his qualification to try appellant. In conclusion, it appears from the examination of the said juror, Gibbs, on voir dire that he denied having formed or expressed an opinion as to the guilt or innocence of appellant. At the time of hearing on appellant's motion for new trial, the juror Gibbs again denied that he had formed an opinion as to the guilt or innocence of appellant prior to the trial and he unequivocally denied that he had made the statement alleged by affiant, Lonnie Crews, to have been made by him.
In this state of the record it was incumbent upon the trial court to resolve the question of fact as to the alleged prejudice of the juror Gibbs. After fair and impartial inquiry the trial court resolved both aspects of the first question against the contention of appellant. Russ v. State, Fla. 1957, 95 So.2d 594, and Berry v. State, 1948, 160 Fla. 834, 36 So.2d 784. In view of the showing made the trial court's holding was free from error as to the first question.
It is last contended that the evidence is not sufficient to support the verdict of murder in the first degree, particularly is it deficient on this point, in that it does not show the element of premeditation.
In a trial for murder in the first degree, premeditation is a question of fact for the jury. Larry v. State, Fla. 1958, 104 So.2d 352; Smith v. State, Fla. 1956, 90 So.2d 304, and McCutchen v. State, Fla. 1957, 96 So.2d 152.
We have examined the evidence and we think it is ample to support the verdict of murder in the first degree as to the killing of Leroy Collins. In addition to several witnesses who gave evidence as to the murder of Leroy Collins and the elements constituting murder in the first degree, it is shown that as appellant was driving the highway a few miles east of Cedar Key on the day of the homicides, he passed the car of Leroy Collins, in which the said Leroy Collins, Louvada Lee [appellant's wife], Albert McCain, Dick Webster and two minor children were riding, returning to their home in Cedar Key. Soon after passing the Collins' car appellant turned his car around and pursued it. As he reached the Collins' car, he tried to force it off the highway but failing in that, he took a position alongside the Collins' car and commenced shooting into it. He was armed with a .22 caliber rifle and a .22 caliber pistol. After firing several shots into the car, Louvada Lee fired one shot at appellant. Leroy Collins then took the gun from his daughter [Louvada Lee] and attempted to shoot but appellant then withdrew from the side of the Collins' car and *259 pushed it into the ditch from the rear. He then got out of his car and walked alongside of the Collins' car and shot his wife [Louvada Lee] in the head.
When a man repeatedly makes invidious threats about his wife with whom he is estranged and the wife is living with her father and the invidious threats extend to the father and other members of his family, then arms himself with a pistol and a rifle, goes out on the highway in the manner shown by the evidence, passes his wife and her father with others traveling in the opposite direction, turns his car and pursues them, overtakes them, attempts to force them off the highway, repeatedly fires his rifle and pistol into the car where his wife and her father were riding, kills both of them and injures others riding in the car, that of itself is sufficient to show a premeditated intent to murder the father if believed by the jury.
Whether Louvada Lee or Leroy Collins was killled first is not material. The evidence amply shows a premeditated design on the part of the appellant to kill Collins. This court is committed to the doctrine that one who kills a person through mistaken identity or accident, with a premeditated design to kill another is guilty of murder in the first degree if the indictment in such a case properly alleges that the premeditated design was to effect the death of the person actually killed. The law transfers the felonious intent in such a case to the actual object of his assault, and the homicide so committed is murder in the first degree. Hall v. State, 70 Fla. 48, 69 So. 692; Pinder v. State, 27 Fla. 370, 8 So. 837, and McCray v. State, 89 Fla. 65, 102 So. 831.
In the brief of appellant no question as to mistaken identity was raised. The state raises the point by the contention that the evidence establishing the premeditated intent to kill Louvada Lee would also support the jury's verdict of guilty of murder in the first degree for killing Leroy Collins, in that if appellant were shooting into his [Collins] car, then under the doctrine cited in the preceding paragraph, he would be guilty of murder in the first degree in killing Collins.
For the reasons so related and the fact that we have read the evidence as required by § 924.32(2), Florida Statutes, F.S.A., we do not find that the interests of justice require a new trial. The judgment appealed from is free from error and is affirmed.
Affirmed.
ROBERTS, C.J., and THOMAS, DREW, THORNAL, O'CONNELL and HOBSON (retired), JJ., concur.