CARROLL, Judge.
The defendant below appeals his conviction of manslaughter, which resulted when he was tried under an indictment for murder in the first degree. The state’s evidence showed the defendant walked up to an automobile in which the victim and another person were present; that he had a shotgun in his possession; that the gun was discharged, and the charge struck and killed the victim.
The defendant testified to certain past quarrels or “violent exchanges” between him and the victim, and on the basis of the evidence the court included a charge of self-defense in the charges given to the jury. Additionally, the defendant testified that the victim grabbed the gun and that it discharged accidentally.
The court properly charged the jury on the degrees of homicide, and on justifiable homicide (§ 782.02 Fla.Stat., F.S.A.) and upon excusable homicide, the last mentioned encompassing homicide by accident (§ 782.03 Fla.Stat., F.S.A.).
After having retired, the jury returned with a request to the court to re-read the charges defining second degree murder and self-defense. The attorney for the defendant requested the court to charge also on excusable homicide. The state objected. The court denied defendant’s request, and again charged the jury on second degree murder and self-defense. A juror asked that the charge defining manslaughter be re-read, and it was done. A second request was then made by the defendant’s attorney for the court to include the charge on excusable homicide. The state objected, and the request was denied by the court.
Those rulings, and the failure of the court to repeat the charge on excusable homicide when so recharging the jury, are urged as reversible error. We find the appellant’s contention is meritorious, on authority of Hedges v. State, Fla.1965, 172 So.2d 824, followed in Stills v. State, Fla. App.1973, 272 So.2d 174. See also Bagley v. State, Fla.App.1960, 119 So.2d 400; McCray v. State, 89 Fla. 65, 102 So. 831.
In Hedges v. State, supra, as in this case, a defendant tried upon an indictment for murder in the first degree was convicted of manslaughter. The jury requested to be recharged on the degrees of homicide. The court complied, but denied a request of the defendant’s attorney to include therewith a repetition of the charges on justifiable and excusable homicide. The Supreme Court reversed the judgment and remanded the cause for new trial. That case is in point here, and applicable to this case is the statement of the Supreme Court in Hedges as follows:
“In the instant case when the judge repeated his charges on degrees of homicide he should have included the requested definitions of justifiable and excusable homicide. Failure to do so erroneously left with the jury an incomplete, and, potentially misleading instruction. Bagley v. State, supra; McCray v. State, supra.”
For the reason stated, the judgment is reversed, and the cause is remanded for new trial.