296 So.2d 614 (1974)
William Charles FAULK, Appellant,
v.
STATE of Florida, Appellee.
No. S-297.
District Court of Appeal of Florida, First District.
June 20, 1974.
*615 Richard W. Ervin, III, Public Defender; Robert C. Parker, Jr. Special Asst. Public Defender; and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Enoch J. Whitney, Asst. Atty. Gen., for appellee.
BOYER, Judge.
The appellant was convicted of the crime of rape and sentenced to life imprisonment. He argues four points for reversal.
At the trial the prosecutrix testified that on the evening of the alleged rape she and her sister had gone to a lounge and that she, the prosecutrix, left with a male companion and went to another bar. The prosecutrix was left at the second bar by her companion and after having a drink she left by herself walking down the street where she was approached by a male in a van and asked if she wanted a ride. She testified that she accepted the ride and she and the male driver, whom she identified as the defendant (appellant here) proceeded to a bar wherein they were refused service because of the prosecutrix's age. The defendant purchased some beer to go, keeping one for himself and giving one to the prosecutrix. Later they picked up two female hitch-hikers, later letting them out at their destination. She and the defendant continued to drive around for a while, at one point going to the defendant's home which he entered as she waited in the van. *616 Later the defendant drove them into some woods behind an apartment complex and there beat her and raped her. The prosecutrix testified to three acts of normal coitus and one act of mutual oral stimulation. She further testified that she became sick to her stomach and was vomiting outside the vehicle and while the defendant turned to get something from the van she fled clad only in her blouse and bra. She ran to a nearby apartment, beating on the door until someone answered and then called the police. She was taken to the hospital and examined where it was found that there was sperm fluid in her vaginal washings. The defendant testified that he did pick up the prosecutrix and that she offered to "make it worth his while" if he would take her to a place some distance away. He testified that they parked and petted for a while and then had intercourse. He further testified that during one of the acts of intercourse she screamed and this caused him to beat her. He claimed that he had had a plate inserted in his head due to a head injury and that shrill noises tend to make him go into a rage. Defendant testified that the prosecutrix did get sick and went outside the van, that he waited for her to return, finally checking and noticed that she was running toward the apartments. He then got into his van and went home.
The police discovered prosecutrix's panties and shorts and one sandal in the defendant's van. The prosecutrix's wallet was also discovered in the van by the four-year-old daughter of the defendant and turned over to the defendant's wife.
During the trial the defense proffered testimony of a psychiatrist, who had not examined the defendant, to the effect that one who has received a severe head injury could have reactions to shrill noises. The State objected to the introduction of this testimony and the objection was sustained by the trial court.
The prosecutrix's wallet which had been turned over to the defendant's wife by their four-year-old daughter was delivered by the wife to the defendant's attorney who in turn delivered it to an investigator who delivered it to a second investigator from the State Attorney's office. Prior to the trial the defendant's attorney filed a motion to withdraw on the ground that he anticipated that the State would desire to call him as a witness to establish the chain of custody of the particular item of evidence. That motion was denied. During the trial, and without any warning, the State Attorney announced that the defendant's attorney would be his next witness. The defendant's attorney immediately asked that the jury be excused and thereupon moved for a mistrial which was denied. There was conflict between the attorneys as to whether the defendant's attorney had theretofore refused to stipulate as to his part in the chain of custody of the evidentiary exhibit. In any event the chain of custody was ultimately stipulated and the defendant's attorney was not called as a witness.
After the jury had been charged and retired to deliberate, a written question was submitted from the jury room as follows:
"If the victim consents by word or action to intercourse without any force or threat or violence and later changes her mind and is subsequently forced is this still considered rape under law?"
The trial judge called the question to the attention of the attorneys whereupon the prosecutor stated:
"I think there needs to be a clarification of the question."
The trial judge thereupon indicated that he would answer the question as follows:
"Yes, if you believe beyond a reasonable doubt the force, as previously defined, occurred prior to the particular penetration."
The defendant's attorney immediately objected on the grounds that the answer was commenting on the evidence and also *617 that the suggested answer should not be given without simply rereading the entire instructions relative to consent, force and how the instructions should be applied to the evidence.
The trial judge overruled the objection, had the answer as above quoted reduced to writing, and permitted the jury to take into the jury room the question propounded and the written answer.
In arguing his first point, appellant urges that the trial court erred in sustaining the objection to the proffered testimony to the effect that one who had received a severe head injury could have reactions, including uncontrollable rage, to shrill noises. He urges that this evidence was essential to corroborate the prior testimony of the defendant and the defendant's wife. The State argues that such proffered testimony was irrelevant and immaterial. Our examination of the record does not reveal the evidence to have been irrelevant or immaterial to the issues involved. However we do find that the appellant failed to lay a proper predicate for the admission of the testimony and that as phrased in the proffer it related to mere possibilities as distinguished from probabilities. Accordingly, the trial judge did not err in sustaining the objection.
Passing now to appellant's contention that the trial judge erred in failing to grant his motion to withdraw when it became apparent that he would probably be called as a defense witness and that the court erred in denying his motion for a mistrial when the State, without warning, announced in the presence of the jury that the State's next witness would be the defendant's own attorney. We do not condone the tactics of the State and we entertain great reservations as to the propriety, generally, of calling a defendant's attorney as a witness in a criminal case. However, our examination of the record in the case sub judice reveals that the defendant's attorney did not in fact take the stand and nothing occurred in the presence of the jury except the announcement by the State that the defendant's attorney was to be called as a witness. Further, the facts incident to which the defendant's attorney was sought to be called were ultimately stipulated to; therefore there was no material or reversible error in that regard.
Of much greater moment is the situation surrounding the written question from the jury and the written answer from the court, both of which were delivered to the jury in the jury room during deliberations.
Appellant contends that the actions complained of were prejudicial and in violation of Rule 3.400(c) RCrP, 33 F.S.A. Appellee contends that said rule applies only to initial instructions, urging that the answer to the question submitted by the trial judge was not an instruction but merely a clarification of previously given instructions, governed by Rule 3:410 RCrP, 33 F.S.A.
We fail to see how the State takes solace in its contentions because in any event the rules were violated and in our opinion the violation was a material deprivation of the defendant's rights. Although the evidence was in conflict and there was sufficient evidence tending to refute the testimony of the defendant he nevertheless had the right to a consideration of his testimony by the jury under appropriate instructions as to the law applicable to the different phases of the evidence in accordance with the rules of procedure promulgated by the Supreme Court. (See McCray v. State, Sup.Ct.Fla. 1925, 89 Fla. 65, 102 So. 831).
Rule 3.400 RCrP, 33 F.S.A., provides in material part as follows:
"The court may permit the jury, upon retiring for deliberation, to take to the jury room:
* * * * * *
"(c) any instructions given; but if any instruction is taken all the instructions shall be taken;" (Emphasis added)
*618 Rule 3.410 RCrP, 33 F.S.A. is as follows:
"After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant." (Emphasis added)
In the case sub judice the jurors were not conducted into the courtroom as required by Rule 3.410 and they were permitted to take into the jury room the answer to their written question contrary to the provisions of Rule 3.400. Further, we are unable to construe the answer to the jury's question as anything other than an additional instruction. If it was an "additional" instruction then certainly it was an instruction and if it was to be taken into the jury room then the other instructions should have also been taken as required by the rule. The very purpose of the rule, we think, is to avoid such situations as we now have here.
In McCray v. State, supra, the defendant was charged with murder. After having given the jury charge on murder in the first degree and the lesser included offenses, including that portion of the instruction which told the jury that defendant could be acquitted, the trial judge again read the instructions concluding with the clause "if the evidence warrants it under these instructions, "but omitting that portion of the first instruction which provided "or be acquitted." The Supreme Court of Florida reversed the conviction saying:
"* * * The charge repeated did not include the statement that `the defendant, may, if the evidence warrants it, be convicted either of murder in the first degree, murder in the second degree, or manslaughter, or be acquitted'; but the repeated charge stated only the offenses of which the defendant may be convicted without stating that he may be acquitted under the circumstances stated in the full charge; and the reference in the repeated charge to `these instructions' did not make it clear to the jury that the defendant might be entitled to an acquittal if the jury should find facts constituting a valid defense under the law as was set out in the charges given as an entirety. In view of the whole record a new trial should be awarded. * * *" (89 Fla. 65, 102 So. at page 832) (Emphasis added)
In Hedges v. State, Sup.Ct.Fla. 1965, 172 So.2d 824, the defendant was charged with murder in the first degree and was convicted of manslaughter. The trial judge initially instructed the jury on all degrees of unlawful homicide. He also instructed on justifiable and excusable homicide. During deliberations the jury requested the trial judge "to go over the different degrees" again. In response to the jurors' request, the judge repeated his charge on the degrees of unlawful homicide but refused to include in his charge justifiable and excusable homicide. The Supreme Court reversed for a new trial saying:
"* * * It is proper for a judge to limit the repetition to the charges requested. Hysler v. State, 85 Fla. 153, 95 So. 573. However, the repeated charges should be complete on the subject involved. The giving of a partial instruction fails to inform the jury fully and often leads to undue emphasis on the part given as against the part omitted. McCray v. State, 89 Fla. 65, 102 So. 831. * * *" (Fla. 172 So.2d at page 826) (Emphasis added)
In conclusion, we hold that it was error to give the additional instruction in *619 response to the question from the jury without repeating the complete instructions on the subject involved and that that error was compounded by permitting that portion of the instructions to be taken into the jury room without the entire instructions.
The appellant is entitled to a new trial.
Reversed.
RAWLS, C.J., concurs, and McCORD, J., dissents.
McCORD, Judge (dissenting).
I disagree that the trial judge, in addition to answering the specific question asked by the jury, was required to re-instruct them on consent and force. The question clearly indicated that the jury was concerned only with the legal effect of consent, if consent was followed by withdrawal of consent. The trial judge's answer to the question was clear, legally correct and sufficient. It did not require a re-instruction on the elements of consent and force and was merely an amplification of previous instruction to cover the point inquired about.
While there was a violation by the trial judge of Rules 3.400 and 3.410 RCrP 33 F.S.A. in not having the jurors returned to the courtroom and then answering their question verbally, and in his giving them such additional instruction in writing without also giving them all of his previous instructions in writing, I am unable to conclude from the record (in consideration of the concise question asked by the jury) that such procedure was in any way prejudicial to the defendant. I consider the error harmless.
It should also be noted that no objection was made at the trial by defendant on the judge's failure to give the jury all of the previous instructions in writing. His objection was based solely upon the failure of the judge to again read the previous instructions on "consent, force and how to apply it to the evidence" and on his belief that the judge's answer did not answer the question.
I agree with the majority opinion that the other points raised by appellant are without merit. I would therefore affirm.