377 So.2d 212 (1979)
Rita MORGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1478.
District Court of Appeal of Florida, Third District.
November 13, 1979.
Rehearing Denied December 19, 1979.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The appellant was charged in a two count information with: 1) attempt to commit murder in the first degree; and 2) unlawful display of a firearm in the commission of a felony. The case was tried before a jury. Some twenty minutes after the jury retired to deliberate, the trial judge received the following written communique: "We would like to have in writing the definitions of attempted second degree murder, aggravated battery, aggravated assault, and battery."
At that point the trial judge convened the court for the purpose of conferring with the Assistant State Attorney and defense counsel regarding the jury's request. The trial judge inquired whether counsel had any objections to the written definitions being submitted to the jury. Both responded in the negative. However, before the definitions were submitted, defense counsel requested a brief opportunity to confer with the appellant. After he was unsuccessful in promptly locating her, defense counsel announced to the court:
Your Honor, in an abundance of caution, because of the problem that I called to the Court's attention previously, I do not think I have any choice but to object to it unless the Court send the entire charge in.
And the court ruled:
Well, I think the only standing which you might have would be to send in the *213 last lesser included which is assault. I will send that in along with the others and otherwise overrule your objection.
The standard jury instructions defining the requested definitions were submitted together with the definition of simple assault. Defense counsel again objected unless "the entire charge should be sent to them, if anything is sent to them."
After some two hours' deliberation, the jury returned verdicts finding the defendant guilty of: attempt to commit murder in the second degree; and lawful display of a firearm during the commission of a felony.
The appellant was adjudicated guilty of both counts and sentenced. After a motion for new trial was made and denied, this appeal was perfected.
The appellant contends that she did not receive a fair trial because all of the standard jury instructions were not submitted to the jury in writing. Her contention is premised upon Fla.R.Crim.P. 3.400 which provides:
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
.....
(c) any instructions given; but if any instruction is taken all the instructions shall be taken;
In Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974), a similar problem was presented concerning the violation of the cited rule. There, as here, the jury had requested written instructions. The requested instructions together with additional instructions were submitted in writing without submission of all of the standard jury instructions. In Faulk, no objection had been registered to the court's failure to send all of the written instructions to the jury for its use and edification. The court nonetheless awarded the appellant a new trial. We align ourselves with Faulk v. State, supra.
In the instant case, objection to the court's refusal to submit the entire written instructions was clearly preserved for appeal. The purpose of the rule is to prevent the jury from placing undue emphasis upon that information which is presented to them by way of partial written instructions.
The State contends that Henry v. State, 359 So.2d 864 (Fla. 1978) only requires a trial judge to give a limited reinstruction to the jury in accordance with its request. The case is inapplicable. In that case, the Florida Supreme Court was construing Fla.R. Crim.P. 3.410 which is concerned with oral requests for additional instructions. In Henry, the limited reinstruction was delivered to the jury orally in open court which eliminated the likelihood that the jury would not give equal attention to the prior oral instructions.
For the foregoing reasons, the judgment and sentences are reversed and the case remanded with directions to grant the appellant's motion for a new trial.