423 So.2d 984 (1982)
Larry Bryan CHAPPELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-538.
District Court of Appeal of Florida, Third District.
December 28, 1982.
*985 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY and NESBITT, JJ. and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge.
PER CURIAM.
Chappell was a juvenile bindover to the criminal division of the circuit court. He was charged by information with attempted first degree murder and unlawful use of a firearm in the commission of a felony. Chappell was convicted of attempted second degree murder as well as the second charged offense. He appeals his judgment of conviction, claiming that the trial court committed several errors. We reverse upon a holding that the jury received instructions in an impermissible manner.
During the course of their deliberations, the jury asked the trial court for written instructions as to the elements of first degree murder and two lesser included offenses. Defense counsel requested that either the jurors be required to rely on their memories, or that all the instructions, including those on penalties, be sent to the jury room in written form. The trial judge refused to send back the instructions on penalties, apparently because the jury had twice been orally instructed thereon. Over defense counsel's objection, the remainder of the instructions were furnished to the jury in writing.
This procedure was contrary to Florida Rule of Criminal Procedure 3.400(c), as construed in Payne v. State, 395 So.2d 284 (Fla. 3d DCA 1981) and Morgan v. State, 377 So.2d 212 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1115 (Fla. 1980). We observe that Rule 3.400(c) does not mandate that whenever a jury seeks written reinstruction it must be provided with the information requested. The rule is optional. However, when the court elects to utilize the rule, it must be literally complied with by furnishing the jurors with all the written charges concerning matters about which they have been previously instructed.
Our disposition of this issue makes it unnecessary to consider the other points raised by the appellant. The judgment and conviction are reversed and the case remanded with directions to grant the appellant's motion for a new trial.