WENTWORTH, Judge.
The state appeals an order which grants appellee’s motion to dismiss a charge of first degree murder. We find that the court erred in granting the motion and reducing the charge to second degree murder, and we therefore reverse the order appealed.
Appellee was charged with first degree murder by an indictment which alleged that she “unlawfully and from a premeditated design to effect the death of [the victim] did kill the said [victim] by shooting her with a firearm_” The undisputed allegations of appellee’s motion to dismiss and the state’s demurrer thereto indicate that:
Appellee, the victim, and the victim’s spouse spent the evening having dinner and drinks at a local restaurant and lounge. A bartender who had observed appellee on previous occasions was of the opinion that she was ‘under the influence of alcohol.’ During the evening appellee instigated a physical altercation with the victim’s spouse, who then departed the premises. Appellee telephoned the sheriff’s office, and the bartender drove ap-pellee and the victim to appellee’s residence. A sheriff’s deputy arrived and appellee complained that the victim’s spouse had been mistreating the victim. The victim’s spouse then arrived at ap-pellee’s residence and became involved in an argument with appellee. The victim and her spouse then departed, as did the deputy sheriff. The deputy was of the opinion that appellee ‘was intoxicated’ but ‘was not staggering, made good sense in conversation.’
Appellee telephoned the victim’s mother and, complaining about the victim’s spouse, stated that ‘I’m going to kill [him].’ Indicating that she was ‘afraid’ for the victim, appellee, accompanied by .her two children, and carrying a handgun, proceeded to the victim’s residence. Appellee suggested that she took the gun because the victim’s spouse ‘had been violent’ in the past. Appellee discharged her firearm as she left her own residence, and upon arriving at the victim’s residence she observed the victim’s spouse standing on the porch with a shotgun. The spouse advised appellee that she was drunk and should depart, and then pointed the shotgun at appellee. Appellee and her children indicated that the spouse verbally threatened to shoot appellee. Nevertheless, appellee did not depart and continued to request to see the victim. The victim was called and appellee fired a shot which killed the victim.
Appellee returned home, sheriff’s deputies arrived, and appellee stated that T didn’t mean to shoot [the victim], I meant to kill [her spouse].’ Appellee further indicated that she never saw the victim.
In granting appellee’s motion the court expressly found an absence of any factual predicate which would support the charged offense of premeditated first degree murder.
The element of premeditation is generally á factual issue of intent properly determined by the jury. See Lee v. State, 141 So.2d 257 (Fla.1962); State v. Gonzalez, 433 So.2d 646 (Fla. 2d DCA 1983). And as the court recognized, the factual allegations of appellee’s motion are properly construed in a manner favorable to the state. See State v. Hires, 372 So.2d 183 (Fla.2d DCA 1979). While a controlling or dominating passion or fear may, in a particular context, preclude the existence of premeditation, see Clay v. State, 424 So.2d. 139 (Fla.3d DCA 1983), petition for review de *1008 nied, 434 So.2d 889 (Fla.1983), in the present case the factual allegations, when construed most favorably to the state, provide a sufficient predicate for a determination that appellee acted with reasoned premeditation intending to kill the victim’s spouse. Section 782.04(l)(a)l, Florida Stat- ■ utes, defines first degree murder as a homicide “perpetrated from a premeditated design to effect the death of ... any human being,” and an indictment need only charge a premeditated attempt to kill the victim, even if the proof establishes that the requisite intent was directed toward another human being. See Lee, supra. Appellee’s motion thus raises only a factual issue of premeditation, and the court erred in granting appellee’s motion to dismiss the charge of premeditated first degree murder.
The order appealed is reversed and the cause remanded for further proceedings.
MILLS and SHIVERS, JJ., concur.