528 So.2d 981 (1988)
Eddie Lee RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1125.
District Court of Appeal of Florida, First District.
July 22, 1988.
*982 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, and Donald Mairs, Legal Intern, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant's convictions for three counts of possession and three counts of sale of cocaine are reversed. The trial court improperly admitted evidence of a metal matchbox containing cocaine residue which was found on appellant at the time of his arrest.
The crimes charged arose from several controlled buys of cocaine made several hours before the arrest. The matchbox was in no way implicated in the charges as no evidence showed it was used in the sales. No separate charge related to possession of cocaine at the time of the arrest was brought by the state. The trial court admitted the matchbox and testimony that it contained cocaine, over defense objection, on the premise that possession at the time of arrest went to the issue of whether appellant possessed cocaine earlier. The trial court found no violation of the Williams Rule[1] in admitting such evidence. The trial court likened the matchbox to a bloody knife found on a suspect in a knife murder which would be proper evidence, even if the state did not bring a separate weapons charge. We disagree, finding that the evidence of the matchbox was admitted solely to show propensity to possess cocaine at an earlier time, evidence which is inadmissible under the Williams Rule. The trial court admitted as much in allowing admission of the evidence. However, nothing tied the matchbox to any of the charges against appellant, unlike the knife to which the trial court analogized. This similar fact evidence was not offered for any permissible purpose under the Williams Rule. It was therefore admitted for an improper evidentiary purpose.
Accordingly, the convictions and sentence are REVERSED and the case REMANDED for a new trial.
THOMPSON, J., concurs.
NIMMONS, J., dissents without opinion.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. den., 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), now codified at section 90.404(2)(a), Florida Statutes: "Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity."