541 So.2d 171 (1989)
Avery SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1138.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
Richard L. Jorandby, Public Defender, and Carol Bickerstaff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant was convicted of possession of cocaine. The drugs were found in a search of his room.
During deliberations the jury requested an instruction, for the second time, on the definition of constructive possession. The trial court, over a defense objection, decided to provide the instruction in writing.
Florida Rule of Criminal Procedure 3.400(c) provides:
Rule 3.400. Materials to the Jury Room
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
... .
(c) any instructions given; but if any instruction is taken all the instructions shall be taken.
The reinstruction given would not have been an abuse of discretion if given orally, as it was otherwise complete. See Henry v. State, 359 So.2d 864 (Fla. 1978); Lowe v. State, 500 So.2d 578 (Fla. 4th DCA 1986). However, the rule with respect to written instructions has been held to require literal compliance. See Chappell v. State, 423 So.2d 984 (Fla. 3d DCA 1982); Payne v. State, 395 So.2d 284 (Fla. 3d DCA 1981); Morgan v. State, 377 So.2d 212 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1115 (Fla. 1980). See also Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974). We see no reason to adopt a different interpretation of the rule, and conclude that it was reversible error to furnish the jury with a portion of the instructions in writing.
Additionally, we note, for the benefit of the court on remand, that it was error to allow testimony regarding a marijuana cigarette found in the room. Cf. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Richardson v. State, 528 So.2d 981 (Fla. 1st DCA 1988). It was also error to give a principals instruction where the only charge against the defendant was the (constructive) possession of the drugs found in the room based on the *172 defendant's individual occupancy and control. We find no error in the denial of appellant's motion for judgment of acquittal.
Therefore, the judgment and sentence are reversed and we remand for a new trial.
WARNER and POLEN, JJ., concur.