PER CURIAM.
This is an appeal by the defendant James A. Kirkland from a final judgment of conviction and sentence for armed robbery entered upon an adverse jury verdict. We affirm.
First, the trial court did not commit reversible error in denying the defendant’s motion for mistrial based on an alleged improper argument by the prosecuting attorney. Although the argument was irrelevant to the case being tried and the trial court properly sustained a. defense objection, the comment was hardly egregious in any sense. On its face, the prosecuting attorney commented that those taxpaying members of the jury who lived in the City of Miami should be offended because City of Miami officials had mistakenly released the car the defendant was driving at the time of his arrest — obviously an argument which could not possibly have prejudiced the defendant. Even if interpreted as somehow an indirect criticism of defense counsel’s attack on the City of Miami’s investigation of this case, the offending comment did not, in our view, vitiate the entire trial, as urged, and accordingly the trial court properly denied the defendant’s motion for mistrial. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Miller v. State, 435 So.2d 258, 260-61 (Fla. 3d DCA 1983).
Second, the trial court properly answered a question propounded by the jury concerning whether a defendant could be guilty of armed robbery when his original intent was to commit a robbery without a firearm. The trial court told the jury to reread the written jury instruction on robbery included in the packet of jury instructions previously given to the jury. We discern no error in this perfectly reasonable response. See Chappell v. State, 423 So.2d 984 (Fla. 3d DCA 1982); Payne v. State, 395 So.2d 284 (Fla. 3d DCA 1981); Morgan v. State, 377 So.2d 212 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1115 (Fla.1980); Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974); Fla.R.Crim.P. 3.400(c).
Affirmed.