559 So.2d 1199 (1990)
Joyce M. TURCO and Armando Cuesta, Appellants,
v.
Marisol LEON, Appellee.
No. 89-1808.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Rehearing Denied May 21, 1990.
*1200 Spencer & Taylor and W. Thomas Spencer, Thomas P. Allen, Miami, for appellants.
Marc Postelnek, Miami Beach, for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
BASKIN, Judge.
Joyce M. Turco and Armando Cuesta appeal an adverse final judgment and an order denying their motion for a new trial. We reverse and remand for a new trial.
Marisol Leon's automobile was struck by a vehicle driven by Joyce Turco and owned by Armando Cuesta. Leon sued Turco and Cuesta for damages resulting from injuries she sustained in the accident. At trial, Leon testified that Turco struck her from behind moments after she stopped for a red light; however, Turco alleged that Leon improperly changed lanes, causing the collision. The jury returned a verdict in Leon's favor. Turco moved for a new trial, a mistrial, a judgment not withstanding the verdict, and a remittitur. The trial court granted only the motion for remittitur. Turco appeals the final judgment as amended by the order granting remittitur.
Turco argues that the trial court erred in allowing into evidence a copy of section 316.1925, Florida Statutes (1985), the "careless driving" statute, which the court later read to the jury as an instruction. Turco also contends that the court erred in permitting Leon to make repeated references to Turco's plea of guilty to the traffic citation issued at the scene of the accident. We agree with both assertions.
A trial court must take judicial notice of state laws. City of Lakeland v. Select Tenures, Inc., 129 Fla. 338, 176 So. 274 (1937); State ex rel. Landis v. Prevatt, 110 Fla. 29, 148 So. 578 (1933); § 90.201(1), Fla. Stat. (1985). Despite objection, the court admitted the statute as evidence, and the jury was permitted to read it during deliberations. In addition, the court read the statute to the jurors as an instruction. Consequently, that instruction was the only written instruction sent to the jurors during their deliberations.
Rule 1.470(b), Florida Rules of Civil Procedure, states that, when practicable, a court, may furnish the jury a copy of its charges. However, providing a written copy of some charges, but not others, may lead the jury to place "undue emphasis upon that information which is presented to them by way of partial written instructions." *1201 Morgan v. State, 377 So.2d 212, 213 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1115 (Fla. 1980) (emphasis in original) (construing Rule 3.400(c), Fla.R.Crim.P., which provides that a jury may take any instruction given to the jury room "but if any instruction is taken all the instructions shall be taken."), see also Chappell v. State, 423 So.2d 984 (Fla. 3d DCA 1982); Payne v. State, 395 So.2d 284 (Fla. 3d DCA 1981); Simmons v. State, 541 So.2d 171 (Fla. 4th DCA 1989); Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974). The evidence concerning the accident was conflicting. The presence in the jury room of only one instruction unduly emphasized its significance. Thus, the error in admitting the statute into evidence was compounded when the court instructed the jury.
Appellants also argue correctly that the jury should not have been informed of Turco's response to the traffic citation she received at the scene of the accident. Section 318.14, Florida Statutes (1985), permits persons charged with traffic infractions to pay their fines by mail, if they choose not to contest the charge. That procedure is mutually beneficial to the county and the violator. Carter v. Rukab, 437 So.2d 761 (Fla. 1st DCA 1983); MacNeil v. Singer, 389 So.2d 232 (Fla. 5th DCA 1980). Paying the penalty in this manner constitutes an admission of the infraction, § 318.14(4), Fla. Stat. (1985), but "such an admission shall not be used as evidence in any other proceedings." § 318.14(4), Fla. Stat. (1985). Despite the statutory prohibition, the jury was informed that by paying, Turco admitted her guilt. In view of the conflicting nature of the evidence, the introduction of the admission was not harmless. MacNeil. We reverse the final judgment and remand for a new trial. Appellants' remaining point lacks merit.
Reversed and remanded.