571 So.2d 553 (1990)
Ronald L. ZARATTINI, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2809.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn G. Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant appeals the trial court giving the jury a partial written re-instruction. We agree that was error and reverse.
During its deliberations, the jury asked for a copy of the definition of possession of cocaine. The trial court, over defense counsel's objection, read aloud the definition of the term "possession." The jury, thereafter, renewed its request to have the possession definition in writing. A completed copy of all the instructions was being typed, but the state objected to the submission of it. As a result, the trial court decided to give the jury a written instruction defining the elements of possession. Defense counsel objected.
The defendant maintains that error resulted from the submission of only the instruction on possession. He claims the jury was entitled to a copy of all the written instructions.
The court has discussed this issue in its entirety in Simmons v. State, 541 So.2d 171 (Fla. 4th DCA 1989). In that case, the court ruled that it was reversible error to furnish a jury with a portion of an instruction in writing:
The appellant was convicted of possession of cocaine. The drugs were found in a search of his room.
[1] During deliberations the jury requested an instruction, for the second time, on the definition of constructive possession. The trial court, over a defense objection, decided to provide the instruction in writing.
Florida Rule of Criminal Procedure 3.400(c) provides:
Rule 3.400. Materials to the Jury Room
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
* * * * * *
(c) any instructions given; but if any instruction is taken all the instructions shall be taken.
The reinstruction given would not have been an abuse of discretion if given orally, as it was otherwise complete. See Henry v. State, 359 So.2d 864 (Fla. 1978); Lowe v. State, 500 So.2d 578 (Fla. 4th DCA 1986). However, the rule with respect to written instructions has been held to require literal compliance. See Chappell v. State, 423 So.2d 984 (Fla. 3d DCA 1982); Payne v. State, 395 So.2d 284 (Fla. 3d DCA 1981); Morgan v. *554 State, 377 So.2d 212 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1115 (Fla. 1980). See also Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974). We see no reason to adopt a different interpretation of the rule, and conclude that it was reversible error to furnish the jury with a portion of the instructions in writing.
Despite this authority, the state cites Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986), rev. dismissed, 520 So.2d 575 (Fla. 1988), which holds that a violation of Florida Rule of Criminal Procedure 3.400 does not require automatic reversal. The prejudice must vitiate the entire trial. In Myers, a juror took his notes into the jury room. That fact is significantly different from the facts sub judice. More importantly, Simmons is directly on point and the decision was rendered after Myers. We, therefore, hold that the trial court erred in not sending the jury the entire written instruction.
Accordingly, the judgment and sentence are reversed and we remand for a new trial.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.