ANSTEAD, Judge.
Appellant, All Bank Repos, Inc. (“All Bank”), the plaintiff below, appeals from a final judgment entered pursuant to an adverse special verdict barring its recovery in a suit for insurance benefits against appel-lee, Underwriters of Lloyds of London. All Bank claims the trial court erred by commenting on, and providing the jury with, a particular written jury instruction to the exclusion of other proffered instructions. We agree and reverse.
FACTS
All Bank sued Lloyds under a casualty insurance contract because of the loss by theft of several automobiles owned by All Bank. All Bank is a used car dealer specializing in vehicles repossessed by lending institutions. It entered into a dealers open lot insurance policy with Lloyds, effective from November 24, 1987, to November 24, 1988. In its application for insurance, All Bank represented that its lot was completely enclosed on all sides. On December 15th and 17th of 1987, and again on March 22, 1988, All Bank had an automobile stolen from its premises. On June 15, 1988, All Bank filed a claim for the three losses, which Lloyds paid. However, on that same day, Lloyds notified All Bank by mail that it was cancelling its policy, effective August 2, 1988, because of All Bank’s material misrepresentations in its application for insurance.
On August 4, 1988, Lloyds received All Bank’s claim for the loss of two other vehicles that were reportedly stolen on July 5, 1988. Lloyds denied coverage for the two thefts based on All Bank’s alleged earlier misrepresentations. Lloyds also claimed it was prejudiced by All Bank’s late notice of the three initial thefts, which Lloyds contended was untimely made so as to avoid triggering cancellation of the policy. Lloyds claimed that had the three losses been timely reported,, the policy would have been cancelled prior to the two later (July 5, 1988) losses.
At trial, the court orally gave the jury some of the instructions proffered by each side, along with a hybrid set of instructions that it had drafted. Pursuant to the parties’ agreement, the court also read aloud to the jury, Section 627.409(1), Florida Statutes (1989) which deals with representa *694 tions in insurance applications and their legal effect.
Specifically, in charging the jury, the trial court said, “Now we are talking about a Statute relating to this insurance policy. The purchase of an insurance policy and the statute case at 627.409 and its in part one and two, and I am only going to read one, because it applies....” The court then proceeded to read from Section 627.-409. It informed the jury that All Bank bore the burden of proving that the insurance policy had been in effect, and that it had suffered losses under the policy. The jury was instructed that Lloyds did not dispute the existence of the policy, but that it maintained that the policy was not enforceable for two reasons: one, the misrepresentations on the application for insurance; and two, All Bank's late notification of its initial losses delayed Lloyds’ ability to make a decision to cancel the policy prior to the subsequent losses reported. The court also instructed the jury that All Bank contended that (1) Lloyds had waived its right to cancel by paying for the prior losses; (2) Lloyds actually knew about the lack of enclosure; and (3) notice of the prior claims was adequate and not prejudicial to Lloyds.
The court thereupon read the multi-question special verdict form to the jury. After doing so, the court briefly instructed the jury on picking a foreperson, deadlock, and polling of the jury. The following proceedings then took place in the presence of the jury:
... (THE COURT):
And does anyone have any questions about the instructions that I’ve given? I generally send the instructions in but they’re so marked up I really hate to do it because you’ll be reading stuff you shouldn’t read.
MS. SYMONS: (COUNSEL FOR LLOYDS): Your Honor I had requested to be able to read to the jury and put into evidence the statute and since that was deferred to instructions I would like for that one to go in it.
THE COURT: It’s part of the instructions and I did read it to them. Do you have any objection? It’s critical.
MR. ESLER: (Counsel for All Bank): I think unless all the instructions go back which I don’t think they can in this case I don’t think you can send back any particular instruction.
THE COURT: Well, I think they’re going to be writing us little notes and asking what does the statute say and that’s what my concern is. If I give you these instructions, and you read some of the stuff you’re not supposed to read, then it’s reversible error and then no matter what the outcome is I could get reversed on. So I’d hate to do that and I think the thing to do, I’m going to give you the statute to take in because I think that’s the key to the whole thing. And the statute is this pieces of — let me tear it off.
Are there any additions or modifications or corrections to be made?
MR. ESLER: Just specifically the Court sending back a portion of the instructions without sending back the entire instructions I believe tends to emphasize one portion of the instructions as opposed to others and I believe that their case is directly out of point on that issue.
The jury was only out for a few minutes before it returned a verdict for Lloyds, finding that All Bank had made material misrepresentations, and the insurance company had not waived its rights.
LAW
All Bank contends that the trial court’s action led the jury to place undue emphasis upon section 627.409. It points out that the issues for the jury’s consideration were not limited to the application of section 627.409 to the instant case, but also included the issue of Lloyds’ waiver of the defenses inhering in this section as well as the other issues raised at trial and discussed above. By solely submitting a copy of the statute to the jury, the trial court may have effectively muted the oral instruction it gave the jury on the waiver issue. All Bank analogizes this situation to the one in Turco v. Leon, 559 So.2d 1199 *695 (Fla. 3d DCA 1990), rev. denied, 574 So.2d 141 (Fla.1990), where it was held to be error to admit into evidence a copy of the “careless driving” statute and to permit the jury to read the statute during its deliberations. Citing to Rule 1.470(b), Florida Rules of Civil Procedure, the court stated that providing a written copy of some charges, but not others, may lead the jury to place ‘undue emphasis upon that information which is presented to them by way of partial written instructions.’ (emphasis in original); also see Morgan v. State, 377 So.2d 212, 213 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1115 (Fla.1980) (construing Rule 3.400(c), Florida Rules of Criminal Procedure, which provides that a jury may take any instruction given to the jury room ‘but if any instruction is taken all the instructions shall be taken.’); Chappell v. State, 423 So.2d 984 (Fla. 3d DCA 1982); Payne v. State, 395 So.2d 284 (Fla. 3d DCA 1981); Simmons v. State, 541 So.2d 171 (Fla. 4th DCA 1989); and Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974).
Lloyds suggests that the decisions interpreting Florida Rule of Criminal Procedure 3.400(c),[1] should not apply to this civil proceeding. However, other than the basic distinction as to the penal nature of criminal proceedings, Lloyds offers no reason why providing partial written instructions in a civil case would be any less egregious than the same scenario in a criminal context. In our view, the general observation that more is constitutionally at stake in a criminal proceeding is an insufficient basis for making such a distinction. Rule 1.470(b), provides that the court shall orally charge the jury after arguments are completed and when practicable, shall furnish a copy of the charges to the jury. We believe this rule implicitly requires what the criminal rule makes explicit: that if any written instructions are provided, all must be provided. Any other interpretation would defy common sense.
It also appears that the error in the trial court’s improper submission was compounded by the court’s telling the jury that Section 627.409 was the “key to the whole thing.” Because the statute contains a correct statement of the law relevant to most of the issues being tried, it would be tempting to hold that the trial court’s error was harmless. However, aside from the potential danger of over emphasis inherent in submitting only a portion of the instructions to the jury, here we have that danger made explicit by the trial court’s comment. We cannot find the error harmless under these circumstances.
For these reasons, we reverse and remand for a new trial.
WARNER, J., and STEVENSON, W. MATTHEW, Associate Judge, concur.

. This rule provides: The court may permit the jury, upon retiring for deliberation, to take to the jury room: (c) any instructions given; but if any instruction is taken, all the instructions shall be taken.