600 So.2d 26 (1992)
Phillip BOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1086.
District Court of Appeal of Florida, Fourth District.
June 3, 1992.
Rehearing, Rehearing and Certification of Question Denied July 16, 1992.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification of Question Denied July 16, 1992.
PER CURIAM.
Phillip Bowe appeals his trafficking in cocaine conviction and sentence. We reverse and remand for a new trial.
During deliberations, the jury requested written instructions for trafficking in cocaine and attempted trafficking in cocaine. Defense counsel objected and argued that pursuant to Rule 3.400(c), Florida Rules of Criminal Procedure, if any written instructions are taken to the jury room, the jury must take all the instructions. The trial court overruled the objection and only gave the jury written copies of the requested instructions.
This court has addressed the issue twice and both times found that reversible error occurs when, as here, the trial court fails to strictly comply with Rule 3.400(c). Zarattini v. State, 571 So.2d 553 (Fla. 4th DCA 1990); Simmons v. State, 541 So.2d 171 (Fla. 4th DCA 1989).
We find no merit as to the remaining issue.
REVERSED AND REMANDED FOR A NEW TRIAL.
*27 POLEN and FARMER, JJ., concur.
GARRETT, J., specially concurs with opinion.
GARRETT, Judge, specially concurring.
I concur because I am bound to follow the prior opinions of this court cited by the majority. I write, however, to point out the following.
Rule 3.400(c), Florida Rules of Criminal Procedure states:
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
* * * * * *
(c) any instructions given; but if any instruction is taken all the instructions shall be taken.
(emphasis added). In this case, the jury, upon retiring for deliberation, did not take any written instructions to the jury room. At this point, the start of jury deliberation, I suggest, the Rule was satisfied. During their deliberations, the jury asked the trial court to re-instruct them as to the crimes of trafficking and attempt to traffic. The trial court complied by rereading all the instructions without giving the jury any written instructions. During their further deliberations, the jury asked the trial court for a written copy of the crimes. At these later points in the deliberations, I suggest, the Rule did not apply because the jury had already retired to deliberate.
I believe that the Rule should be read to apply only when the jury first retires to deliberate. Zarattini and Simmons imply that a trial court must give the jury what they have not requested. However, this court has held in Lowe v. State, 500 So.2d 578 (Fla. 4th DCA 1986), that once deliberations have begun, the trial court may properly limit the repetition of instructions to those requested by the jury. Moreover, the method of re-instruction of a jury should be considered within the discretion of a trial court. See Garcia v. State, 492 So.2d 360 (Fla.), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986) (scope of re-instruction of a jury is within the discretion of the trial judge).