301 So.2d 456 (1974)
Everett Andy CLARK, a/k/a Jack Clark, a/k/a Victor Shuttleworth, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-150.
District Court of Appeal of Florida, Third District.
October 15, 1974.
*457 Martin S. Saxon, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The defendant in the trial court appeals his conviction by a jury of second degree murder
Five points on appeal have been urged by the defendant as a basis for reversal. Because of our agreement with appellant's first point, we deem it unnecessary to consider his other four.
Appellant argues that the trial judge committed reversible error when he reinstructed the jury, at the jury's request, on manslaughter, but failed to reread all the charges including those pertaining to justifiable and excusable homicide and self-defense. Appellant relies on Hedges v. State, Fla. 1965, 172 So.2d 824 and Ford v. State, Fla.App. 1974, 292 So.2d 390. See also, Stills v. State, Fla.App. 1973, 272 So.2d 174.
The state distinguishes this case from the holdings in Hedges and Ford on the basis that in each of those cases the defendant was actually convicted of manslaughter, but in this case the jury returned a second degree murder verdict, the crime for which the defendant was indicted.
Second, the state points out that appellant did not specifically request the court to reinstruct the jury on self-defense or justifiable and excusable homicide, but entered a general objection to reinstructing only on manslaughter and requested the court to either reread all the instructions or to provide the jury with a copy of the instructions pursuant to CrPR 3.400(c).
The state also contends that any error in this case should be treated as harmless error under Fla. Stat. § 924.33, F.S.A. because the evidence did not justify an instruction on justifiable or excusable homicide or self-defense.
We reject the latter contention for two reasons. First, the clear language of CrPR 3.510 makes an instruction of justifiable and excusable homicide, as part of the definition of manslaughter, a mandatory requirement. See, Rayner v. State, Fla. 1973, 273 So.2d 759; Hedges v. State, supra.
Second, the record reveals in this case that the defendant did attempt to establish a case of either self-defense or justifiable or excusable homicide. In our view, the trial judge's failure to reinstruct the jury on these matters when he reinstructed the jury on manslaughter, thus rendering an incomplete definition of the crime, may have prejudicially affected the jury's ultimate verdict.
Therefore, we decline to distinguish this case simply because the jury returned a verdict of second degree murder. Self-defense and justifiable and excusable homicide may be equally as relevant to a determination of guilt for second degree murder as it would be to manslaughter.
We think this case again points out the need for criminal trial judges to apply the mandatory language of Rule 3.510 in a *458 neutral and mechanical manner. See, Henry v. State, Fla.App. 1973, 277 So.2d 78.
For the reasons stated and upon the authorities cited, the judgment and sentence are reversed, and the cause is remanded for a new trial.
Reversed and remanded.