CROSS, Judge.
Appellant-defendant, Rebecca Jackson, appeals a judgment of conviction for manslaughter. We affirm.
Appellant-defendant, Rebecca Jackson, was charged by indictment with murder in the second degree. At the conclusion of the evidence, the trial court instructed the jury on murder in the second degree, manslaughter, aggravated assault, assault and battery, bare assault and excusable homicide. Shortly after beginning its deliberation, the jury requested the court to again define manslaughter. Pursuant to this request, the jury was reinstructed on manslaughter. The defendant did not request that the court reinstruct the jury on excusable homicide, nor did the defendant object to the court’s omission of such instruction.
The jury found the defendant guilty of manslaughter. The trial court entered judgment accordingly and placed the defendant on probation for a period of ten years. It is from this judgment that the defendant appeals.
The question presented for our determination in this appeal is whether the trial court committed fundamental error in failing to reinstruct the jury on excusable homicide when the court repeated, at the jury’s request, instructions on manslaughter.
When a trial court repeats, at the jury’s request, instructions on manslaughter, it is reversible error for the court not to reinstruct the jury on excusable homicide if the defendant preserved the error for appellate review by either requesting a reinstruction on excusable homicide, or objecting to the trial court’s failure to give such instruction. Clark v. State, 301 So.2d 456 (Fla.App.1974); Martin v. State, 294 So.2d 414 (Fla.App.1974); Brown v. State, 294 So.2d 347 (Fla.App.1974); Hedges v. State, 172 So.2d 824 (Fla.1965).
Errors committed by a trial court, including errors in connection with the trial court’s failure to give jury instructions, will be reviewed on appeal without preservation of the question in the trial court only if the error is so fundamental as to justify such action, or when the appellate court in its discretion deems the interest of justice so requires. Rule 6.16 F. A.R. (1973). Anderson v. State, 276 So.2d 17 (Fla.1973); Jones v. State, 187 So.2d 915 (Fla.App.1966). In order for an error in connection with the trial court’s failure to give jury instructions to be of such a fundamental nature as to justify a reversal without preservation of the question for appellate review, the error must reach down into the validity of the trial itself to the extent that the verdict of guilty could not have been obtained without the assistance of the alleged error. Brown v. State, 124 So.2d 481 (Fla.1960); see also Williams v. State, 247 So.2d 425 (Fla.1971).
In the instant case, the trial court erred in failing to reinstruct the jury on excusable homicide when the court repeated, at the jury’s request, instructions on manslaughter. However, this question was never preserved for appellate review. The defendant never requested that the jury be reinstructed on excusable homicide. The defendant never interposed an objection to the trial court’s failure to so reinstruct the jury.
*234 It is clear from an examination of the record that the trial court’s error did not necessarily and inescapably produce the jury’s verdict. Substantial evidence was presented at trial from which the jury could reasonably find that the defendant was guilty of manslaughter. The trial court’s failure to reinstruct the jury on excusable homicide, when the court repeated at the jury’s request instructions on manslaughter, did not constitute fundamental error.[1]
Accordingly, the judgment herein appealed is affirmed.
OWEN, C. J., and WALDEN, J., concur.

. We note for emphasis that the jury was properly instructed on excusable homicide at the conclusion of the evidence.