CROSS, Judge.
Appellant-defendant, Vivian McCormick, appeals a judgment of conviction and sentence for murder in the second degree. We reverse.
The appellant-defendant, Vivian McCormick, was charged by indictment with murder in the first degree. At the conclusion of the evidence, the court instructed the jury on all degrees of unlawful homicide and also on justifiable homicide and excusable homicide. Shortly after beginning its deliberations, the jury requested the court to summarize the jury instructions. Pursuant to this request the court summarized for the jury the elements of murder in the first degree, murder in the second degree, murder in the third degree and manslaughter. The defendant objected to the trial court’s omission of a summary on homicide committed in self defense.
The jury found the defendant guilty of murder in the second degree. Judgment was entered accordingly by the court, and the defendant was sentenced to twenty-five years in prison. It is from this judgment and sentence that the defendant appeals.
The question presented for our determination in this appeal is whether the trial court committed reversible error in failing to include in its summarization of the jury instructions a summary of homicide committed in self defense.
The circumstances of the instant case are analogous to those in the case of Stills v. State, 272 So.2d 174 (Fla.App.1973). In Stills the court properly instructed the jury at the conclusion of the evidence on all degrees of unlawful homicide and also on justifiable homicide and excusable homicide. After some deliberation, one of the jurors requested the court to reread the instructions on first and second degree murder. Defense counsel then requested that the court reinstruct the jury on justifiable homicide and self defense. This request was refused. The trial court reread only the first and second degree murder instructions to the jury. On appeal, the appellate court concluded that the trial court should have included the instructions requested by the defendant concerning justifiable homicide and self defense when it reinstructed the jury. Failure of the trial court to so instruct left the jury with an incomplete and potentially misleading instruction, and constituted reversible error. See also Brown v. State, 294 So.2d 347 (Fla.App.1974); Martin v. State, 294 So.2d 414 (Fla.App.1974).
Accordingly, the judgment appealed herein is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
OWEN, C. J., and DOWNEY, J., concur.