348 So.2d 1221 (1977)
John MATHIS, a/K/a David Lee Mathis, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-806 and 76-810.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Rehearing Denied September 8, 1977.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
BARKDULL, Judge.
The defendant appeals from a revocation of probation[1] and from conviction of two counts of robbery, one count of possession of a firearm during the commission of a felony, and one count of possession of a short-barreled shotgun, pursuant to a jury verdict. The defendant was sentenced to the following: 30 years for each of the robbery convictions; 5 years for possession of a short-barreled shotgun [the sentence was suspended as to possession of a firearm during the commission of a felony]; 5 years for revocation of probation, to run concurrently with the sentences imposed in Case No. 76-810.
The appellant urges that the trial court erred in refusing to instruct the jury on attempted possession of a short-barreled shotgun as a lesser included offense, in violation of Fla.R.Crim.P. 3.510, citing Brown v. State, 206 So.2d 377 (Fla. 1968); Miles v. State, 258 So.2d 333 (Fla. 3rd D.C.A. 1972); Clark v. State, 301 So.2d 456 (Fla. 3rd D.C.A. 1974); State v. Terry, 336 So.2d 65 (Fla. 1976).
The defendant was given five years for possession of a short-barreled shotgun, to run concurrently with the other sentences. Therefore, in light of the other sentences[2] accorded the defendant and under the reasoning of the following cases, we decline to entertain any alleged error in the trial judge's failure to give a charge on attempted possession of a short-barreled shotgun. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1942); Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); United States v. Radue, 486 F.2d 220 (5th Cir.1973); Ethridge v. United States, 494 F.2d 351 (6th *1222 Cir.1974); United States v. Bowman, 502 F.2d 1215 (5th Cir.1974). In Ethridge v. United States, supra, we find the following:
* * * * * *
"Petitioner, who was convicted on a variety of counts, including first degree murder, after a lengthy trial before the United States District Court for the Middle District of Tennessee, Nashville Division, and whose conviction we affirmed in 424 F.2d 951 (6th Cir.1970), cert. denied, 400 U.S. 993, 91 S.Ct. 463, 27 L.Ed.2d 442 (1971), now appeals from denial by a Judge of that court of his motion to vacate sentence under 28 U.S.C. § 2255 (1970).
* * * * * *
"As a discretionary matter, we decline to consider this issue. See Barnes v. United States, 412 U.S. 837, 848 n. 16, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). The Supreme Court has indicated, `The concurrent sentence rule may have some continuing validity as a rule of judicial convenience.' Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 2061, 23 L.Ed.2d 707 (1969). In Barnes v. United States, supra, it very recently squarely employed the concurrent sentence rule.
"We can think of few circumstances where the rule can be more aptly applied than here. Appellant was convicted upon four counts with the sentences shown below:
Count 8  murder to avoid apprehension for bank robbery  50 years.
Count 1  conspiracy to commit bank robbery and murder  5 years.
Count 2  bank robbery  20 years.
Count 3  possession of the proceeds of a bank robbery  10 years.
"All of these sentences are concurrent. The 50-year sentence is not under attack. We can think of no set of circumstances where there could be meaningful collateral effects of the sentences he now attacks. See Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Benton v. Maryland, supra.
"The judgment of the District Court is affirmed."
* * * * * *
For the reasons stated, the convictions here under review and the revocation of probation be and the same are hereby affirmed.
Affirmed.
NOTES
[1] The defendant also appeals a revocation of probation following a previous felony conviction, which we find to be without merit.
[2] Particularly where the record shows four other felony convictions which have not been attacked.