LETTS, Judge.
This is an appeal from a conviction of manslaughter. We affirm.
There are six points on appeal, but only one is of concern to us.
Specifically, we refer to a jury request for reinstruction on the “guilty charges”, whereupon the judge obliged on all degrees of homicide, including manslaughter, but excluded a repetitive instruction on excusable and justifiable homicide. We agree with appellant that this was error and note the following language in Henry v. State, 350 So.2d 512, 514 (Fla. 4th DCA 1977):
“While a court cannot give a complete instruction on manslaughter without defining excusable and justifiable homicide and murder, we conclude that a court can certainly define first and second degree murder fully without also defining manslaughter. The reason for this conclusion is that, unlike the definition of manslaughter, which definition specifically excludes murder, the definitions of first and second degree murder do not by definition specifically exclude manslaughter. Therefore, a court may
*329 completely define first degree murder and second degree murder without making any reference to manslaughter and excusable and justifiable homicide.”
Notwithstanding, we also note our holding in Jackson v. State, 307 So.2d 232 (Fla. 4th DCA 1975) which held that failure to rein-struct on excusable and justifiable homicide does not constitute fundamental error. In the case at bar no objection was raised, nor reinstruction requested. This being so, the conviction is
AFFIRMED.
MOORE, J., concurs.
CROSS, J., concurs only in conclusion.