ROBERT P. SMITH, Jr., Acting Chief Judge.
Hysmith appeals from a judgment and sentence imposed on him for the first degree misdemeanor of resisting an officer without violence to his person. Section 843.02, Florida Statutes (1977). There is no merit in Hysmith’s attack on the judgment. Clark v. State, 363 So.2d 331 (Fla.1978). There is merit, however, in Hysmith’s contention that the court erred in imposing an extended misdemeanor sentence of three years, because Hysmith was not shown to have
at least twice previously been convicted of the same crime committed at different times after the defendant’s 18th birthday
Section 775.084(l)(b)l, Florida Statutes (1977).
Sentencing Hysmith for this misdemean- or, the trial court found that Hysmith, on another and prior occasion, was convicted of the same misdemeanor, resisting an officer without violence, committed within two years before the offense for which he was *1104 to be sentenced. Section ,775.084(1)(b)2. The court therefore found Hysmith eligible as a habitual misdemeanant to an extended term of imprisonment.
It is unnecessary to consider Hysmith’s argument that the prior conviction was inadequately proved. Because the statute requires a showing of convictions of the same crime “at least twice previously”, committed after the defendant’s 18th birthday, we necessarily conclude that Hysmith’s prior conviction of the same crime once previously did not qualify him for sentencing as a “habitual misdemeanant” as that term is defined by the statute. Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). Hysmith’s still earlier conviction of a felonious aggravated assault on a police officer was not a conviction of “the same crime” for which Hysmith was to be sentenced; nor was it the “same crime” as Hysmith’s first conviction for resisting arrest without violence. “The same crime” means the same crime, not a similar crime, and not similar circumstances.
The judgment is AFFIRMED but the extended sentence is VACATED and the case is remanded for resentencing.
BOOTH, J., and MELVIN, WOODROW M., Associate Judge (Ret.), concur.