383 So.2d 1114 (1980)
Mary LAWSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-796.
District Court of Appeal of Florida, Third District.
May 13, 1980.
Rehearing Denied June 19, 1980.
Long & Smith and Harold Long, Jr., Miami, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HENDRY, Judge.
The appellant was indicted and tried for kidnapping and murder in the first degree in the Circuit Court for Dade County, Florida. The jury found her guilty of manslaughter. She appeals her conviction on the ground, inter alia, that the jury's requested reinstruction on that charge was incomplete, and that she was prejudiced thereby.
On August 19, 1978, the appellant was involved in an incident which culminated in the fatal shooting of Giles Baker, whom she had sought out because he had stolen her purse. She was accompanied in her search by a fellow victim, and an acquaintance of the decedent. Testimony, both by the surviving participants and eyewitnesses, was contradictory.
At the close of her trial, the jury was instructed by the court on the degrees of murder, on manslaughter, justifiable and excusable homicide, false imprisonment and citizen's arrest. Thereafter, the jury interrupted its deliberations to request reinstruction on the second and third degrees of murder, and on manslaughter, as well as false imprisonment and citizen's arrest. Over timely objection by defense counsel, which, we find, comported with the requirements of Fla.R.Crim.R. 3.390,[1] the court chose not to include in its reinstruction the definitions of justifiable and excusable homicide. This was error.
Controlling authority is found in the decision of Hedges v. State, 172 So.2d 824 (Fla. 1965). In Hedges, as in the case sub judice, the appellant was charged with murder in the first degree, and convicted of manslaughter. Upon request of the jury, the court reread the instructions on manslaughter and the degrees of murder, withholding, over defense objection, redefinition of justifiable and excusable homicide. Reversal of the ensuing conviction was predicated on that failure, Mr. Justice Thornal noting for the court that manslaughter is defined as homicide which is not murder, and which is neither justified nor excused.[2] Thus, a *1115 complete explication of manslaughter requires definition of the acts statutorily excluded therefrom. Hedges, supra, at 826; followed in Clark v. State, 301 So.2d 456 (Fla.3d DCA 1974); DeMattia v. State, 292 So.2d 390 (Fla.3d DCA 1974).
Appellee contends that a trial court may choose not to reinstruct on charges not specifically requested by the jury, citing Henry v. State, 359 So.2d 864 (Fla. 1978). Such a reading is overbroad.
In that case, the petitioner was convicted of first-degree murder, after the jury had been reinstructed on the distinction between murders in the first and second degree. The Supreme Court held that the trial judge's refusal to reinstruct on justifiable and excusable homicide was a proper exercise of his discretion; the jury had requested reinstruction only on first- and second-degree murder; it had therefore, already determined that the homicide was unlawful.
Similarly, where a conviction for first degree murder was ultimately returned, the appellant would not be heard to complain that the gratuitously-repeated manslaughter instruction was not accompanied by redefinition of justifiable and excusable homicide. The verdict rendered the matter moot, because the additional information to be gleaned from a description of lawful homicide could in no way have influenced the jury's finding that the appellant was guilty of murder. Dean v. State, 325 So.2d 14 (Fla.1st DCA 1975).
We hold that the failure of the trial court to include in its reinstruction on manslaughter  of which the appellant was ultimately convicted  the essential negating element of excusable homicide, "injuriously affected the substantial rights of the appellant,"[3] where a finding of excusable homicide was not inconsistent with evidence presented at trial.
Because of our reversal on the ground stated above, we need not examine other issues presented by the appellant.
We reverse and remand to the court below for new trial.
Reversed and remanded.
NOTES
[1] "Jury Instructions... . (d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury."
[2] § 782.07, Fla. Stat. (1979): "Manslaughter. The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification ... and in cases in which such killing shall not be excusable homicide or murder, ... shall be deemed manslaughter... ."
[3] § 924.33, Fla. Stat. (1979).