397 So.2d 313 (1981)
Barbara Ann GROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1134.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
Richard L. Jorandby, Public Defender, and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
Barbara Ann Gross, defendant in the trial court, was charged with second degree murder and convicted of manslaughter. On *314 appeal, she challenges the trial court's failure to include instructions on justifiable and excusable homicide when the court reinstructed the jury on manslaughter. We reverse.
As part of the final instructions, the court instructed the jury on justifiable homicide, excusable homicide, second degree murder, manslaughter, and the lesser included offense of aggravated assault. During its deliberations, however, the jury requested a reinstruction on manslaughter. Defense counsel then requested that the court also reinstruct on justifiable homicide. Over defense objection the court reinstructed only on manslaughter, omitting justifiable and excusable homicide. In doing so, however, the court also reminded the jury of its previous instructions on justifiable and excusable homicide.
We begin our discussion by noting that defense counsel sought reinstruction only as to justifiable homicide and, similarly, his objection related solely thereto. Absent a request for reinstruction on excusable homicide or an objection to the court's failure to give such instruction, the issue has not been preserved for appellate review. Castor v. State, 365 So.2d 701 (Fla. 1978); Kiley v. State, 356 So.2d 328 (Fla. 4th DCA 1978); Jackson v. State, 307 So.2d 232 (Fla. 4th DCA 1975). We, therefore, limit our discussion of the merits to the failure to reinstruct on justifiable homicide.
In Hedges v. State, 172 So.2d 824 (Fla. 1965), the Supreme Court announced the rule that a reinstruction on manslaughter must include a reinstruction on excusable and justifiable homicide. Failure to do so, the court said, leaves the jury with "an incomplete, and, potentially misleading instruction." Id. at 826. The court further explained its ruling in this fashion:
One notes immediately that [manslaughter] is in the nature of a residual offense. If a homicide is either justifiable or excusable it cannot be manslaughter. Consequently, in any given situation, if an act results in a homicide that is either justifiable or excusable as defined by statute, a not guilty verdict necessarily ensues. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions. Id.

Thus, irrespective of the facts of the case, a reinstruction on excusable and justifiable homicide is required in order to provide a complete reinstruction on manslaughter. Nelson v. State, 371 So.2d 706 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980); Pouk v. State, 359 So.2d 929 (Fla. 2d DCA 1978); Robinson v. State, 338 So.2d 1309 (Fla. 4th DCA 1976); Whitehead v. State, 245 So.2d 94 (Fla. 2d DCA 1971).
Accordingly, we are compelled to conclude that the trial court's failure to reinstruct the jury on justifiable homicide requires that the conviction and sentence herein be vacated and that the cause be remanded for a new trial.
REVERSED and REMANDED.
ANSTEAD, J., concurs.
LETTS, C.J., dissents with opinion.
LETTS, Chief Judge, dissenting.
I dissent and in so doing adopt the language and reasoning set forth in the Attorney General's brief as follows:
After the jury's question was received by the judge, defense counsel requested that the justifiable homicide instruction be read along with the manslaughter and aggravated assault instructions which the jury had requested. The trial judge then discussed a recent case, and how he deals with such issues [since] that case. From his discussion, he was obviously referring to the case of Henry v. State, 359 So.2d 864 (Fla. 1978). Quite candidly, it appears to counsel for Appellee that the judge's understanding of that case was not correct. Henry did not abrogate the requirement in the prior case of Hedges v. State, 172 So.2d 824 (Fla. 1965), that when reinstruction on manslaughter is requested, the court must also reinstruct on excusable and justifiable homicide as a necessary concomitant of manslaughter. *315 However, the question is whether or not the trial judge's handling of the situation here amounted to a reinstruction on justifiable homicide.
The judge explained to counsel that as a result of the Henry case, he [was limiting] his reinstruction to the specific charges requested by the jury, but also reminded them about justifiable and excusable homicide. No objection was made to that procedure at that point, and just before the judge read the instructions to the jury on manslaughter and aggravated assault, he stated the following to them:
Mr. Flanigan, and ladies and gentlemen, I have your request and I am about to read manslaughter and aggravated assault again, but I wanted you to understand that we don't want to give undue emphasis to any section of the entire charge and we want you to keep in mind the instructions on justifiable and excusable homicide as well as murder of the second degree and everything else that I said.

If you want those read again, then don't hesitate to ask for them. You get the sense of what I am talking about? I see affirmative nods. (emphasis supplied)
Admittedly, the judge did not read the entire justifiable and excusable instructions to the jury at this point. However, Appellee submits that in the peculiar circumstances of this case his reminder to the jury of those instructions was sufficient. As defense counsel stated to the jury at the beginning of his closing argument, there was no significant conflict on the facts of the case, and as it happened, both attorneys spent more time "instructing" the jury on the law to be applied to the facts than is normally [is] seen or tolerated in a criminal trial. In his initial closing argument to the jury, the assistant state attorney spent considerable time explaining the defenses of justifiable and excusable homicide. Defense counsel later alluded to the fact that the assistant state attorney had gone through the instructions "step by step," and stated that because the facts are not in dispute, both he and the assistant state attorney would be discussing mostly the law which would be applied to those facts.
In the light of the foregoing, I view the error as harmless and I would affirm.