410 So.2d 988 (1982)
Thomas KELSEY, Appellant,
v.
STATE of Florida, Appellee.
No. AE-173.
District Court of Appeal of Florida, First District.
March 15, 1982.
Michael Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Kelsey appeals a final judgment of guilt of the crime of manslaughter, contending it was error for the trial judge to refuse to reinstruct the jury on excusable homicide and justifiable homicide when the jury twice requested reinstruction on the crime of manslaughter. We agree and reverse.
At the conclusion of the trial, the court instructed the jury on all degrees of unlawful homicide, and on excusable and justifiable homicide. After deliberating for an hour and a half, the jury came out and requested that the definitions of second degree murder and manslaughter be repeated. Appellant's counsel moved for reinstruction on justifiable and excusable homicide as *989 well, but the court denied this motion. After deliberating for approximately two-and-one-half more hours, the jury again requested an additional instruction as to "the complete definition of manslaughter."
Again, appellant's counsel asked that the jury be reinstructed on justifiable and excusable homicide. The state did not object to appellant's request for the reinstruction but nonetheless the court denied appellant's request. In Hedges v. State, 172 So.2d 824 (Fla. 1965), our Supreme Court held that "in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions." Justifiable homicide and excusable homicide are exclusions to unlawful homicide. When the jury asked for "a complete definition of manslaughter", it was error for the trial judge to deny appellant's request that they also be instructed on the definitions of excusable and justifiable homicide.
The state contends that the conviction should be affirmed on the authority of Henry v. State, 359 So.2d 864 (Fla. 1978), in which the jury asked for reinstruction on the difference between first and second degree murder. The trial court gave the reinstruction without instructing as to any of the other degrees of homicide. On appeal, the Florida Supreme Court approved the trial judge's action in reinstructing only as to the crimes the jury specifically asked about. However, the Henry opinion cannot be read as a grant of approval for the giving of a less than full and complete instruction as to any particular crime. See, e.g., Hunter v. State, 378 So.2d 845 (Fla. 1st DCA 1979), and Hysler v. State, 85 Fla. 153, 95 So. 573 (Fla. 1923). Manslaughter, unlike first and second degree murder, is a residual offense which is actually defined by reference to what it is not. In this case, the jury's request specified "the complete definition of manslaughter." This request is controlled by Hedges and requires not only the definition of manslaughter but of the other degrees of homicide, including justifiable and excusable homicide.
The appellant contends that the trial judge also erred in failing to give a requested instruction on circumstantial evidence. Under the facts of this case, the trial judge's refusal to give such an instruction was not an abuse of his discretion. Neither did the trial judge err in failing to grant appellant's motion for mistrial because of the prosecutor's improper closing arguments. The remarks objected to by appellant were clearly improper and though they were perhaps not sufficient to warrant reversal in this case, we caution counsel that an otherwise valid conviction may be reversed because of overzealous prosecutorial misconduct.
REVERSED.
MILLS and WENTWORTH, JJ., concur.