PER CURIAM.
The appellant attacks several sentences. He received seventeen years upon a conviction for attempted burglary and a ten-year sentence for a conviction of aggravated assault to run concurrently with the seventeen-year sentence. We find his attacks on these sentences to be without merit. Mathis v. State, 348 So.2d 1221 (Fla. 3d DCA 1977); Foxworth v. State, 267 So.2d 647 (Fla.1972).
He also received an enhanced sentence of two years upon a conviction of carrying a concealed weapon, as an habitual misde-meanant, pursuant to the provisions of Section 775.084, Florida Statutes (1979). The record does not show that he was convicted previously of carrying a concealed weapon and, therefore, there should not have been an enhanced sentence. King v. State, 398 So.2d 469 (Fla. 5th DCA 1981); Hysmith v. State, 374 So.2d 1103 (Fla. 1st DCA 1979).
The sentences for attempted burglary and aggravated assault are affirmed. We strike one year from the two-year sentence for carrying a concealed weapon and leave the defendant to serve a one year sentence on this conviction.
Affirmed as modified.