414 So.2d 1161 (1982)
Willie TURNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2368.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Dubiner & Blumberg, West Palm Beach, and Sara Bresky Blumberg, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and John F. Robenalt, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Turner, charged with second-degree murder, was convicted of manslaughter. We reverse for two reasons.
After the jury (initially instructed on, inter alia, the law relating to second-degree murder, manslaughter and excusable and justifiable homicide) retired to deliberate, it asked in a note to the court: "Can you explain or define the charge of manslaughter and second degree murder as stated by you in the law...?" The trial court reinstructed the jury in accordance with the request in the note and refused Turner's request to reinstruct the jury on excusable and justifiable homicide.
While in some instances it is not error to limit a reinstruction to a direct response to the jury's specific request, see, e.g., Henry v. State, 359 So.2d 864 (Fla. 1978) (request to clarify difference between first and second-degree murder), when the jury's request necessarily elicits a reinstruction on manslaughter and the defendant is convicted of manslaughter, it is error to fail *1162 to reinstruct on excusable and justifiable homicide as a necessary concomitant of manslaughter.[1]Hedges v. State, 172 So.2d 824 (Fla. 1965); Kelsey v. State, 410 So.2d 988 (Fla. 1st DCA 1982); Gross v. State, 397 So.2d 313 (Fla. 4th DCA 1981); Lawson v. State, 383 So.2d 1114 (Fla. 3d DCA 1980). The oft-repeated reason for this rule is:
"[Manslaughter] is in the nature of a residual offense. If a homicide is either justifiable or excusable it cannot be manslaughter. Consequently, in any given situation, if an act results in a homicide that is either justifiable or excusable as defined by statute, a not guilty verdict necessarily ensues. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions." Hedges v. State, supra, at 826.
Additionally, the trial court erred in denying Turner's motion for mistrial when the State improperly elicited testimony from a police officer that Turner, after being given Miranda warnings and making certain statements, ultimately stated "that is all I am gonna tell you right now."
Florida courts have persistently held that any reference in the jury's presence to the defendant's assertion of his right to decline to answer police questions is reversible when the error of such comment is, as here, properly preserved. Clark v. State, 363 So.2d 331 (Fla. 1978); Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975); Barnes v. State, 375 So.2d 40 (Fla. 3d DCA 1979); Thomas v. State, 342 So.2d 991 (Fla. 3d DCA 1977). In our view, the comment in the present case can only be construed as a comment on Turner's refusal to further speak, see Peterson v. State, 405 So.2d 997, 999 (Fla. 3d DCA 1981) (statement that defendant "would stop when he didn't want to answer any more" improper reference to defendant's refusal to talk); Thompson v. State, 386 So.2d 264, 266 (Fla. 3d DCA 1980) (statement that defendant "would not talk any further," same); Lucas v. State, 335 So.2d 566, 567 (Fla. 1st DCA 1976) (statement that defendant "didn't want to talk [to officer] anymore," same), and is not, as the State suggests, an affirmative inculpatory statement. Cf. Antone v. State, 382 So.2d 1205, 1213 (Fla. 1980) (defendant's statement, "Sicilians do not fink" not assertion of right to remain silent).
Reversed and remanded.
NOTES
[1] Since Turner, whose defense was self-defense, was convicted of manslaughter, we quite clearly cannot say that the error was harmless. Compare Dean v. State, 325 So.2d 14 (Fla. 1st DCA 1975) (conviction of first-degree murder renders harmless failure to reinstruct on justifiable and excusable homicide as part of gratuitous instruction on manslaughter), and Lawson v. State, supra (same, in dicta), with Hunter v. State, 378 So.2d 845 (Fla. 1st DCA 1979) (conviction for third-degree murder reversed where trial court failed to instruct on justifiable and excusable homicide as part of manslaughter reinstruction).