419 So.2d 337 (1982)
Richard John LEWIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 61269.
Supreme Court of Florida.
September 2, 1982.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
Pursuant to article V, section 3(b)(4), Florida Constitution, the Fourth District Court of Appeal has certified the following *338 question to be one of great public importance:
May an appellate court find that the failure of the trial court to instruct the jury pursuant to the provisions of Rule 3.390(a) of the Florida Rules of Criminal Procedure constitutes harmless error?
Under the instant facts, the trial court refused to instruct the jury on the minimum and maximum penalties for the primary offense charged. The district court at first reversed for a new trial on the authority of this Court's decision in Tascano v. State, 393 So.2d 540 (Fla. 1980), but, on rehearing, withdrew its earlier opinion and affirmed the conviction. The district court reasoned that, because petitioner had been convicted of a lesser included offense, the trial court's refusal to give potential penalties was harmless error. Under the limited circumstances of this case, we accept the reasoning of the district court.
In its opinion, the district court stated:
The apparent purpose of the provisions of Rule 3.390(a) mandating an instruction on the penalties for the offense for which the accused is on trial is to inform the jury of the potential consequences upon the accused of the jury's decision as to which offense the accused has been proved guilty. This information may then be utilized by the jury as another factor to be considered in the jury's exercise of its broad authority to determine the accused's guilt or innocence of the offense formally charged and the lesser offenses included therein. From the standpoint of the accused a consideration of this factor might well result in the jury finding him guilty of a lesser offense in a case where the proof of the higher offense is marginal and the disparity in penalties between the offenses involved is substantial. In the case at hand, since the appellant has been found guilty of the least of the offenses included within the formal charge, we do not believe the appellant could have been prejudiced by the trial court's failure to instruct on the penalties for the highest offense for which he was on trial. Any issue as to whether the jury would have found the appellant guilty of a lesser offense because of the severity of the penalty for the offense charged has been rendered moot by the jury's decision.
399 So.2d 473, at 474-75 (footnote omitted). We agree with the district court's conclusions. The inclusion of potential penalties for the main charge could not have benefitted petitioner because the jury in the instant case found petitioner guilty only of the least of the lesser included offenses. Reversible error could only occur if petitioner was found guilty of the offense charged.
We hold that, under the instant circumstances, the trial court's failure to give minimum and maximum penalties on the offense charged was harmless error. The instant district court decision is accordingly approved.
It is so ordered.
ADKINS, BOYD, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., concurs in result only.