428 So.2d 738 (1983)
Harold A. REIFSNYDER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-145.
District Court of Appeal of Florida, Second District.
March 18, 1983.
Richard M. Cowen, Melbourne, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Appellant was charged with two counts of attempted first degree murder. He was found guilty of attempted first degree murder on one count and aggravated battery on the other count. We affirm.
The only point raised on this appeal concerns the reinstruction of the jury upon its request. During deliberations the jury returned to the courtroom, whereupon the jury foreman requested reinstruction as follows: "[W]e would like the definition again pertaining to the charges of second degree murder, aggravated assault and aggravated battery, if we could." Appellant thereupon requested the trial judge to also read the previous instruction on self defense. This request was denied.
Appellant relies on Gross v. State, 397 So.2d 313 (Fla. 4th DCA 1981), wherein, upon reinstructing the jury on manslaughter as requested, the trial judge failed to include his previous instructions on justifiable and excusable homicide. Gross is not applicable. Because the manslaughter statute specifically excludes justifiable and excusable homicide, any definition of manslaughter without definitions of these other two types of homicide would be incomplete. See Henry v. State, 359 So.2d 864 (Fla. 1978).
This case is controlled by our opinion in State v. Kurns, 397 So.2d 463 (Fla. 2d DCA 1981). Finding no error, the judgment and sentences are AFFIRMED.
HOBSON and SCHEB, JJ., concur.