SCHEB, Judge.
This appeal is from the trial court’s summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850.
Appellant pled guilty to first-degree burglary and was sentenced to fifteen years in prison. He first alleges ineffective assistance of counsel, contending that his counsel abandoned representation of him at a critical stage in the proceedings. Second, appellant alleges that his plea was unlawfully induced in that the prosecutor violated a plea bargain by failing to recommend probation. These allegations, if true, would entitle appellant to relief. The trial court failed to conduct an evidentiary hearing or attach relevant portions of the record which refute the allegations raised by appellant as required by Rule 3.850. Instead, the court merely noted that the motion had been heard, considered, and denied.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand the trial court may either again summarily deny the motion as to the allegations specified and attach to its order those portions of the record which conclusively show appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the grounds alleged in appellant’s motion. See Fla.R. Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review appellant must appeal the new ruling of the trial court.
REVERSED.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.