500 So.2d 578 (1986)
John LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0091.
District Court of Appeal of Florida, Fourth District.
December 10, 1986.
Rehearing Denied January 28, 1987.
*579 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged by information with second degree murder in the death of his common-law wife and possession of a firearm by a convicted felon. The jury found him guilty of third degree murder as a lesser included crime of second degree murder and guilty as charged for possession of a firearm. Among other points raised, the defendant contends that the trial court erred in refusing a requested reinstruction on justifiable and excusable homicide when it reinstructed on manslaughter, and in refusing to instruct on the limited use of "Williams Rule" evidence. We agree and reverse.
Generally, feasibility and scope of reinstruction of the jury resides within the discretion of the judge. Garcia v. State, 492 So.2d 360 (Fla. 1986); Henry v. State, 359 So.2d 864 (Fla. 1978). A trial judge may properly limit the repetition of charges to those requested. However, the repeated charges should be complete on the subject involved. Hedges v. State, 172 So.2d 824 (Fla. 1965).
Florida courts have consistently held that when, at the jury's request, the trial court reinstructs the jury on degrees of homicide, a reinstruction on excusable and justifiable homicide is required in order to provide complete reinstruction on manslaughter. Id. at 826; Gross v. State, 397 So.2d 313, 314 (Fla. 4th DCA), rev. denied, 399 So.2d 1146 (Fla. 1981); Nelson v. State, 371 So.2d 706 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980). The jurors in the case sub judice requested the court to "[p]lease go over the three points constituting second and third degree murder and manslaughter." Since the jury's request included reference to manslaughter, the court was compelled to include the defense instructions as well when it reinstructed on manslaughter. See Henry, 359 So.2d at 867. Thus, failure to give it here constitutes reversible error.
*580 Furthermore, we find reversible error in the trial court's failure at the close of the evidence to instruct the jury on the limited use of collateral crime evidence. Rivers v. State, 425 So.2d 101 (Fla. 1st DCA 1982), pet. for rev. denied, 436 So.2d 100 (Fla. 1983).
We also note that the trial court's assessment of costs must be stricken because appellant was denied notice and a hearing as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Accordingly, we conclude that the trial court's failure to reinstruct the jury on excusable and justifiable homicide, and to instruct on the limited use of "Williams Rule" evidence requires that the conviction and sentence be vacated and that the cause be remanded for a new trial.
REVERSED AND REMANDED.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.