502 So.2d 66 (1987)
Jorge GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1739.
District Court of Appeal of Florida, Third District.
February 10, 1987.
Bennett H. Brummer, Public Defender, and Sharon B. Jacobs, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Mark S. Sussman, Certified Legal Intern, for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
Gonzalez raises three points on appeal of his conviction of and sentence for manslaughter. We find that the first issue was not properly preserved for appeal. See Matheson v. State, 500 So.2d 1341 (Fla. 1987). Finding, also, that the trial court did not depart from the requirements of Florida Rule of Criminal Procedure 3.710, *67 we have only to address appellant's second point on appeal.
While the jury was deliberating in this case, it requested that the trial court re-instruct it on the lesser-included offenses of second-degree murder, the charge pending against Gonzalez. Gonzalez contends that the trial court erred in responding to the request by gratuitously re-instructing the jury on all of the charges, including second-degree murder, while refusing appellant's request to include the instruction on self-defense. We disagree.
Where a trial court directly responds to a jury's specific request and limits its re-instruction accordingly, there is no error. See Henry v. State, 359 So.2d 864 (Fla. 1978). In this case, the jury requested re-instruction of only the lesser-included charges. In its response to the request, the trial court properly included charges of the greater offense and of justifiable and excusable homicide, thereby giving complete instructions on the subject. See Hedges v. State, 172 So.2d 824 (Fla. 1965); Bristow v. State, 338 So.2d 553 (Fla. 3d DCA 1976). The trial court also properly limited its response to the jury's request by denying Gonzalez' request to re-instruct the jury on self-defense, and this was not misleading. See Bristow, 338 So.2d at 556; see also Cheatham v. State, 346 So.2d 1218 (Fla. 3d DCA 1977). Gonzalez contends that this conflicts with McCormick v. State, 308 So.2d 126 (Fla. 4th DCA 1975). In McCormick, the district court held that it was error for the trial court to omit an instruction on self-defense in recharging the jury. McCormick is distinguishable, however, from the present case. In McCormick, the jury requested the court to summarize all of the instructions. Since the trial court did not fully respond to the jury's request, the jury was left with incomplete and potentially misleading instructions. 308 So.2d at 127. In the case sub judice, the trial court fully complied with the jury's request: to reread the instructions on the lesser-included offenses. Consequently, we find that the trial court did not err in re-instructing the jury, and that this result is consistent with the case law of Florida.
Accordingly, the judgments of conviction and sentence are
Affirmed.