STONE, Judge.
This is an appeal from a manslaughter conviction. The defendant was charged with second degree murder. The victim had been struck with a shovel handle in the course of a melee, and there was ample proof of defendant’s guilt. The primary issue at trial was whether the killing was a justifiable or excusable homicide as being in defense of another. The sole issue on appeal is whether, after the jury requested reinstruction on the definitions of murder, manslaughter and battery, the trial court erred in failing to repeat the definition of the justifiable use of force in defense of another. The court included in the rein-struction the general charges on excusable and justifiable homicide, but did not repeat the definitions given in his original instruction of self defense and defense of others. We hold that the reinstruction, as given, was incomplete and insufficient. Cf Hedges v. State, 172 So.2d 824 (Fla.1965); Pridgeon v. State, 425 So.2d 8 (Fla. 1st DCA), rev. denied, 421 So.2d 68 (Fla.1982).
The manslaughter statute provides that it is a crime to kill another except where the act is justifiable under chapter 776, or an excusable homicide under chapter 782. § 782.07, Fla.Stat. (1985). Manslaughter, by statutory definition, is a “residual” offense. Hedges v. State. If a killing is either an excusable or justifiable homicide, it cannot be manslaughter. Therefore, in order to define the elements of manslaughter in an instruction, the exclusions must also be defined. See Hedges v. State at 826; Lowe v. State, 500 So.2d 578 (Fla. 4th DCA 1986); Gross v. State, 397 So.2d 313 (Fla. 4th DCA), rev. denied, 399 So.2d 1146 (Fla.1981); Turner v. State, 414 So.2d 1161 (Fla. 3d DCA 1982); Kelsey v. State, 410 So.2d 988 (Fla. 1st DCA 1982).
It is undisputed that the court initially charged the jury correctly, including a full instruction on self defense and defense of others. However, the defendant is entitled to a reinstruction that is complete on the *411 subject involved. Hedges v. State; Lowe v. State. The portion of the reinstruction given by the trial court on justifiable and excusable homicide followed sections 782.-02 and 782.03, Florida Statutes, as provided in the standard instructions:
First of all, I shall read you the charge on justifiable homicide.
The killing of a human being is justifiable homicide and lawful if necessarily done while resisiting [sic] an attempt to murder or commit a felony upon the Defendant, or to commit a felony in any dwelling house in which the Defendant was at the time of the killing.
Excusable homicide. The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual matter.
The state contends that this reinstruction was sufficient, despite the defense’s objection that it did not mention defense of others. The state points out that a trial court is not generally required to reinstruct on affirmative defenses when responding to a specific request by the jury, provided that, in the case of manslaughter, the general instructions on excusable and justifiable homicide are also given. See Gonzalez v. State, 502 So.2d 66 (Fla. 3d DCA 1987); Reifsnyder v. State, 428 So.2d 738 (Fla. 2d DCA 1983); Gross v. State, 397 So.2d 313 (Fla. 4th DCA 1981); Bristow v. State, 338 So.2d 553 (Fla. 3d DCA 1976). However, none of these cases involved the element of defense of another. Section 776.031, Florida Statutes, provides that one is justified in the use of deadly force in the defense of another if he reasonably believes such force is necessary to prevent the imminent commission of a forcible felony. There was testimony in this case supporting that defense.
The manslaughter statute provides in part:
The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter. ...
§ 782.07, Fla.Stat. (1985).
Since a killing is not manslaughter if it is justified under chapter 776, and since force in defense of another under specified circumstances is justifiable under section 776.031, the defendant correctly argues that the section 776.031 defense must be included in an instruction on justifiable homicide. Since defense of another was at issue here, an instruction on that defense was necessary in order to fully instruct the jury, notwithstanding that use of force in defense of another is not itself specifically excluded in the definition of manslaughter. The excusable and justifiable homicide rein-structions, as given, included a statement covering self defense, but no mention of defense of others. Without this information, how is the jury to know which “acts” are criminal and which are not? Where defense of others is in issue, it is error to fail to include reference to that defense in a reinstruction on manslaughter.
The judgment and sentence are therefore reversed, and the case remanded for a new trial.
GLICKSTEIN and WALDEN, JJ., concur.