535 So.2d 290 (1988)
Rigoberto GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2543.
District Court of Appeal of Florida, Third District.
October 18, 1988.
As Amended on Denial of Rehearing December 27, 1988.
Breslin & Raben and Peter Raben, Coconut Grove, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Rigoberto Garcia, convicted by a jury of second-degree murder,[1] contends on appeal that the trial court committed reversible error when, acceding to the deliberating jury's request to be reinstructed on the definitions of second-degree murder and manslaughter, it refused the defendant's request that the manslaughter instruction include the definitions of justifiable or excusable homicide. Garcia says that any reinstruction should have contained the definition of justifiable homicide because this was the theory of his defense. Additionally, he argues that even absent such a defense, the reinstruction on manslaughter *291 was incomplete, inadequate, and misleading when it failed to redefine justifiable and excusable homicide.[2]
We disagree with Garcia that the jury's request to reinstruct on the definitions of second-degree murder and manslaughter required the court to reinstruct on Garcia's self-defense theory. And, although we agree with Garcia that the manslaughter reinstruction was incomplete because it did not redefine justifiable or excusable homicide, the jury's verdict of second-degree murder made this error entirely harmless. We thus affirm.
Predictably, the State's and defendant's evidence concerning the killing were at odds. The State's version was that the defendant silenced the verbally but not physically aggressive victim by shooting him; the defendant's version was that two weeks before the shooting, the victim had beaten him and threatened to kill him, and that immediately before the shooting the victim threw a pool ball at him and kept coming toward him with what appeared to be a weapon despite the defendant's warning shot. In short, if believed, the defendant's testimony made out a case of self-defense, or, in legal terms, justifiable homicide.[3] That being so, we reject the State's argument that the evidence was insufficient as a matter of law to establish justifiable homicide, and, therefore, no reinstruction (and presumably no instruction in the first instance) was required.[4] As is well established, it is "incumbent upon the court to charge the jury on every defense which is recognized by the law and sustained by a version of the testimony which the jury has a right to accept." Rodriguez v. State, 396 So.2d 798, 799 (Fla. 3d DCA 1981). See Palmes v. State, 397 So.2d 648 (Fla. 1981); Johnson v. State, 484 So.2d 1347 (Fla. 4th DCA 1986); Canty v. State, 471 So.2d 676 (Fla. 1st DCA 1985); Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984).
But merely because the court was required to instruct the jury on Garcia's factually supported claim of self-defense does not mean that it was required to reinstruct the jury on the defendant's claimed defense when the jury requested a reinstruction on the elements of the offense. Here, the jury did not request reinstruction on self-defense, and the trial court was not required to reinstruct on a separate matter not requested by the jury. See Singleton v. State, 512 So.2d 1159, 1160 (Fla. 3d DCA 1987) ("[W]e find no abuse of discretion in the trial court's directly responding to the jury's simple request for the elements of the charged crime of burglary by stating those elements, along with the presumption of innocence and the state's burden of proof, without also re-reading a previously given instruction concerning the defense of good faith mistake."); Gonzalez v. State, 502 So.2d 66, 67 (Fla. 3d DCA 1987) ("The trial court also properly limited its response to the jury's request by denying Gonzalez' request to re-instruct the jury on self-defense, and this was not misleading."); Reifsnyder v. State, 428 So.2d 738 (Fla. 2d DCA 1983) (no error in not reinstructing on self-defense when jury asks only for definitions of specific charges). But see Carranza v. State, 511 So.2d 410 (Fla. 4th DCA 1987). As the supreme court declared in Henry v. State, 359 So.2d 864, 867 (Fla. 1978), to require all instructions to be given when only some are requested "might ... create confusion in the minds of the jurors[,] ... might give the appearance of placing the trial judge in the role of an interested advocate rather than an impartial arbiter," would be "exhausting and time consuming," and the "result might be a jury which is deterred from requesting *292 and a court which is restrained from giving, supplemental instructions to help clarify a particular issue."
Garcia is quite correct in his second argument that the definition of manslaughter, to be complete, requires a definition of justifiable and excusable homicide; unlike first-degree and second-degree murder, manslaughter is a residual offense which is defined by reference to what it is not. Hedges v. State, 172 So.2d 824 (Fla. 1965). Thus, the statute proscribing manslaughter defines the crime as "[t]he killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification ... and in cases in which such killing shall not be excusable homicide... ." § 782.07, Fla. Stat. (1985) (emphasis supplied).
It follows, then, that "when the jury's request necessarily elicits a reinstruction on manslaughter and the defendant is convicted of manslaughter, it is error to fail to reinstruct on excusable and justifiable homicide as a necessary concomitant of manslaughter." Turner v. State, 414 So.2d 1161, 1161-62 (Fla. 3d DCA 1982) (emphasis supplied). Kelsey v. State, 410 So.2d 988 (Fla. 1st DCA 1982); Gross v. State, 397 So.2d 313 (Fla. 4th DCA 1981). The question before us, however, is whether the same rule obtains where, as here, the defendant is convicted not of manslaughter, but of second-degree murder, and the instruction on manslaughter, in light of the verdict, is merely an instruction on an offense rejected by the jury, not an instruction on the offense for which the jury has found the defendant guilty. Garcia accurately points out  and we acknowledge  that the failure to include definitions of justifiable and excusable homicide when reinstructing on manslaughter was held to be reversible error in a case in which the defendant was convicted of second-degree murder, Niblack v. State, 451 So.2d 539 (Fla. 2d DCA 1984), and one in which the defendant, charged with second-degree murder, was convicted of third-degree murder, Lowe v. State, 500 So.2d 578 (Fla. 4th DCA 1986). In neither case, however, did the court address the issue of harm vel non to the defendant where the ultimate conviction is not for the offense of manslaughter. We now address the issue.
In the present case, the jury, by returning a guilty verdict to the second-degree murder charge after reinstruction, necessarily found that the killing was done  as a conviction for second-degree murder requires  not only by "an act imminently dangerous to another" (which arguably would include justifiable and excusable homicides), but one "evincing a depraved mind regardless of human life" (which excludes justifiable and excusable homicides), § 782.04(2), Fla. Stat. (1985). This affirmative finding that the killing was done with "a depraved mind regardless of human life" negates the possibility that the jury convicted the defendant solely on a finding that the victim's death was caused by the act, procurement, or culpable negligence of the defendant. It is this very possibility against which the law guards when it requires that the jury be fully instructed on manslaughter by defining justifiable and excusable homicides. Where, however, as here, the jury's verdict  necessarily including that the defendant acted with "a depraved mind regardless of human life"  assures us that no such possibility exists, no harm comes to the defendant when justifiable and excusable homicide are not defined. See Mead v. State, 86 So.2d 773, 775 (Fla. 1956) (failure to instruct jury that grand larceny involved property worth more than $50 was harmless when jury makes specific finding that property taken was worth $51). See also Lewis v. State, 419 So.2d 337 (Fla. 1982) (failure to instruct jury of minimum and maximum penalties for primary offense charged was harmless where jury convicted only on lesser-included offense); Espinosa v. State, 496 So.2d 236 (Fla. 3d DCA 1986) (error in instruction on burden of proving causation of death was harmless where jury convicted only on aggravated assault charge and therefore did not hold the defendant responsible for causing victim's death). See generally 11 C. Wright & A. Miller, Federal Practice and Procedure § 2886, at 290-91 (1973) ("Errors in instructions routinely are ignored if ... the erroneous instruction went *293 to an issue that is immaterial in the light of the jury's verdict... .").
Thus, in Dean v. State, 325 So.2d 14 (Fla. 1st DCA 1975), the trial court, after reinstructing the jury on first-degree, second-degree, and third-degree murder, gave a reinstruction on manslaughter which did not include definitions of justifiable and excusable homicide. Although the court found the instruction proper, it noted in dicta that even if there had been "technical error," it was cured by the jury's verdict of guilty of first-degree murder. The court observed: "It is illogical to say that because the judge did not redefine justifiable and excusable homicide as not constituting the crime of manslaughter, such would vitiate a verdict of first-degree murder. Such could have had no bearing upon the jury having reached a verdict of first degree murder." Id. at 19. See also Lawson v. State, 383 So.2d 1114, 1115 (Fla. 3d DCA 1980).[5]
Concluding, therefore, that any error in the trial court's refusing to define justifiable and excusable homicide when reinstructing the jury on manslaughter was rendered harmless when the defendant was convicted of second-degree murder, we affirm the defendant's conviction. To the extent that Niblack or Lowe may dictate a contrary holding, we certify a conflict with those decisions.
AFFIRMED.

ON REHEARING
DANIEL S. PEARSON, Judge.
We vacate our order of December 12, 1988, denying the defendant's motion for rehearing. We substitute the following text for the text of footnote 5 of our opinion of October 18, 1988. [Editors Note: The substitution has been made for the original Footnote 5.]
This change is made to incorporate a change made by the Florida Supreme Court in Banda v. State, as reflected in its clarified opinion issued on December 8, 1988, *294 See 13 F.L.W. 709. Otherwise, we deny the defendant's motion for rehearing.
NOTES
[1] Garcia was also convicted of the use of a firearm in the commission of the murder. He makes no separate attack on this conviction.
[2] Although the evidentiary support for an instruction on excusable homicide, see § 782.03, Fla. Stat. (1985), was, at best, tenuous, both definitions must be given "even where there is no evidence to support a finding of justifiable or excusable homicide because manslaughter cannot be adequately defined without such an instruction." Pouk v. State, 359 So.2d 929, 930 (Fla. 2d DCA 1978).
[3] "The use of deadly force is justifiable when a person is resisting any attempt to murder such person or to commit any felony upon him... ." § 782.02, Fla. Stat. (1985).
[4] In its brief and in oral argument, the State presented no other defense of the ruling under review or any other reason to affirm the conviction.
[5] The analysis in Dean must be distinguished from the quite different analysis found in a subsequently-withdrawn opinion in Banda v. State, 13 F.L.W. 451 (Fla. July 14, 1988). In Banda, the Supreme Court, relying upon Squires v. State, 450 So.2d 208 (Fla. 1984), held that where the defendant is found guilty of first-degree murder, the failure to define excusable and justifiable homicide is not fundamental error. The court went on to suggest in dicta that "[e]ven if an objection had been made, appellant would not prevail because he was convicted of an offense greater than the least of the offenses correctly instructed. State v. Abreau, 363 So.2d 1063 (Fla. 1978)." Banda v. State, 13 F.L.W. at 451. This dicta, of course, refers to the proposition that the failure to give an instruction on a lesser-included offense two steps removed from the offense for which the defendant is convicted does not deprive the jury of its pardoning power and thus is entirely harmless. In such a case, it is posited that the jury, having rejected the one-step removed lesser offense, necessarily would have rejected the still lesser two-step removed offense. More specifically, having convicted Banda of first-degree murder, the jury rejected second-degree murder, thus rendering harmless any defect in or omission from the instruction on manslaughter, the two-step removed offense.

In the present case, manslaughter, the offense to which the erroneous reinstruction referred, was only one step removed from second-degree murder, the offense for which the defendant was convicted, and therefore the error in Garcia's trial cannot be considered harmless under the two-step analysis. However, as we have explained, an erroneous reinstruction on the justifiable and excusable homicide aspect of manslaughter is harmless even when the defendant is convicted of the one-step removed offense of second-degree murder. This is so because the defendant's conviction is inconsistent with the misinstructed charge  that is, to find a person guilty of second-degree murder necessarily is to find that the person's act was not justifiable or excusable. In contrast, for example, a guilty verdict on robbery would not be inconsistent with a guilty verdict on the lesser offense of larceny; it would instead constitute the jury's refusal to exercise its pardon power and convict on the lesser offense. Therefore, unlike the analysis in the first Banda opinion, our analysis applies without regard to the number of steps separating the offense upon which the defendant is convicted from the offense to which the erroneous or missing instruction pertains.
The Florida Supreme Court withdrew its initial opinion in Banda and substituted an opinion, 13 F.L.W. 709 (Fla. Dec. 8, 1988), which stated that the error of failing to instruct on excusable and justifiable homicide was harmless because there was no evidence which would have supported either defense.