PER CURIAM.
Donald Hoffert appeals the denial of his rule 3.850 motion for post-conviction relief. The basis of appellant’s motion was his trial counsel’s ineffectiveness for failing to object to a jury reinstruction on manslaughter which did not include the definitions of justifiable and excusable homicide. We reverse and remand.
In denying appellant’s motion, the trial court found that since the jury rejected the possibility that appellant was guilty of the lesser crime of manslaughter and found him guilty beyond a reasonable doubt of second-degree murder, any alleged error in the *1011 incomplete reinstruction “would not have made any difference in the outcome of the case.” See Dean v. State, 325 So.2d 14 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976) (technical error in incomplete rein-struction cured by jury’s verdict of guilty of first-degree murder); Garcia v. State, 535 So.2d 290 (Fla. 3d DCA 1988), quashed, 552 So.2d 202 (Fla.1989) (jury’s finding of guilty of second-degree murder necessarily precludes finding that person’s act was justifiable or excusable; therefore, any error in reinstruction harmless). Therefore, the court held that appellant had not made the required showing of prejudice necessary to support a claim of ineffective assistance of counsel.
In Stockton v. State, 544 So.2d 1006 (Fla.1989), the supreme court rejected the harmless error analysis applied by the courts in Dean and Garcia. The court reaffirmed Hedges v. State, 172 So.2d 824, 826 (Fla.1965), and its progeny in holding that “[m]an-slaughter is a residual offense, defined by reference to what it is not. In order to define manslaughter completely, the definitions of justifiable and excusable homicide and murder must be included.” Stockton, 544 So.2d at 1007-08 (citations omitted); see also Garcia v. State, 552 So.2d 202 (Fla.1989), quashing 535 So.2d 290 (Fla. 3d DCA 1988), and Rojas v. State, 552 So.2d 914 (Fla.1989).
We therefore reverse and remand for an evidentiary hearing on appellant’s ineffectiveness claim. Dent v. State, 659 So.2d 1394 (Fla. 4th DCA 1995).
REVERSED AND REMANDED.
KLEIN, PARIENTE and SHAHOOD, JJ., concur.