PER CURIAM.
We affirm appellant’s conviction and sentence for attempted lewd or lascivious molestation of a child under twelve years old. Appellant raises two issues, neither of which merit reversal. First, he contends the court should have granted his motion for judgment of acquittal because the state failed to exclude his reasonable hypothesis of innocence. He cites circumstantial evidence cases for the proposition that where the only evidence against a defendant is circumstantial, the state must present evidence sufficient to exclude every reasonable hypothesis of defendant’s innocence. See Durrant v. State, 839 So.2d 821, 823 (Fla. 4th DCA 2003); Everett v. State, 831 So.2d 738, 741 (Fla. 4th DCA 2002). However, the victim’s testimony that the defendant fondled her genitals is completely inconsistent with his hypothesis of an “innocent” touching. Furthermore, as the victim’s testimony constituted direct evidence of appellant’s actions, this is not a case where the totality of evidence is circumstantial. Thus, this special rule is not applicable. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002) (deciding not “to apply the special standard of review applicable to circumstantial evidence cases” because both circumstantial and direct evidence was presented against the defendant).
Second, appellant claims that the court abused its discretion in reinstructing the jury on all charges when the jury requested an instruction only on the lesser included charge of battery. The trial court’s instruction was a correct statement of the law, and it is within the trial court’s discretion to give additional instructions to the jury so long as they are complete on the subject. See Henry v. State, 359 So.2d 864, 866 (Fla.1978); see also Gonzalez v. State, 502 So.2d 66, 67 (Fla. 3d DCA 1987) (finding no abuse of discretion where trial court responded to jury’s request for rein-struction on lesser included offense by giving all of the charges related to the offense).
SHAHOOD and GROSS, JJ., concur.
WARNER, J., concurs specially with opinion.